DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar # 83788
Chief Labor Attorney
ANTHONY GRUMBACH, State Bar #195107
RUTH M. BOND, State Bar #214582
Deputy City Attorneys
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3976
Facsimile:     (415) 554-4248

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIS KELLY and DENNIS
KRUGER, individually and on Behalf of
Others Similarly Situated,

        Plaintiffs,

        vs.

CITY AND COUNTY OF SAN
FRANCISCO; SAN FRANCISCO FIRE
DEPARTMENT; EDWARD M.
HARRINGTON, in his Official Capacity
as Controller of the City and County of
San Francisco; PHILIP A. GINSBURG, in
his Official Capacity as Human Resources
Director of the City and County of San
Francisco; and DOES ONE through
FIFTY, inclusive,

        Defendants.

Case No. 05 1287

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. SECTIONS 1441
AND 1446**

(Federal Question Jurisdiction)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS FRANCIS KELLY**

**AND DENNIS KRUGER AND THEIR ATTORNEY OF RECORD:**

1    **NOTICE IS HEREBY GIVEN** that the City and County of San Francisco, Philip A.

2    Ginsburg and Edward M. Harrington, Defendants in the above-captioned action, No. CGC-05-

3    438-965 in the files and records of the Superior Court in and for the City and County of San

4    Francisco, hereby files in the United States District Court for the Northern District of California,

5    this Notice of Removal of the action to the United States District Court.  Defendants remove this

6    action under 28 U.S.C. §1441, and are filing in the Superior Court in and for the City and County

7    of San Francisco a Notice of Removal.

8        Defendants City and County of San Francisco, Philip A. Ginsburg and Edward M.

9    Harrington present the following facts to the Judges of the United States Court for the Northern

10   District of California:

11       a)    A civil action bearing the above-caption was filed in the Superior Court of

12             California, in and for the City and County of San Francisco, Action No. CGC-05-438-965

13             on February 25, 2005, and is pending therein; and

14       b)    The Complaint alleges a cause of action under the Fair Labor Standards Act of

15             1938, 29 U.S.C. § 201, *et seq.*

16       This action is one which may properly be removed to this Court under 28 U.S.C.

17   §1441(b), for the reason that Plaintiffs allege violations of the laws of the United States, over

18   which this Court has original jurisdiction.  To the extent Plaintiffs' Complaint alleges claims

19   other than violations of rights under the laws of the United States, said claims may be removed

20   and adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

21       Plaintiffs presented defendants City and County of San Francisco and Philip A. Ginsburg

22   with a copy of the complaint and a Notice of Acknowledgment of Receipt on March 1, 2005.

23   Plaintiffs presented defendant Edward M. Harrington with a copy of the complaint and a Notice

24   of Acknowledgment of Receipt on March 2, 2005.  Pursuant to 28 U.S.C. §1446(b), a copy of

25   the Summons is attached as **Exhibit A**, and the Complaint is attached as **Exhibit B**.  These are

26   the only pleadings on file to the knowledge of the undersigned.

27

28

1       WHEREFORE, Defendants pray that under 28 U.S.C. §1441, *et seq*. the above action

2 now pending in the Superior Court of the State of California in and for the City and County of

3 San Francisco be removed in its entirety to this Court for all further proceedings.

4 Dated:  March 30, 2005

5

6                         DENNIS J. HERRERA
                        City Attorney

7                         ELIZABETH S. SALVESON
                        Chief Labor Attorney

8                         ANTHONY GRUMBACH
                        RUTH M. BOND
                        Deputy City Attorneys

9

10

11              By:_____
                RUTH M. BOND

12

13                 Attorneys for Defendants
                CITY AND COUNTY OF SAN FRANCISCO, *et al*.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

*Kelly, et al. v. CCSF, et al.*
**USDC Case No.**

I, LISA HARRIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On March 30, 2005, I served the attached:

**CIVIL COVER SHEET**

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTIONS 1441 AND 1446**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Diane Sidd-Champion
McCarthy, Johnson & Miller
595 Market Street, Suite 2200
San Francisco, CA  94105

and served the named document in the manner indicated below:

☒   **BY MAIL**:  I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐   **BY PERSONAL SERVICE**:  I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐   **BY FACSIMILE**:  I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was 415.554.4248.  The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above.  The fax transmission was reported as complete and without error.  I caused the transmitting facsimile machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed March 30, 2005, at San Francisco, California.

_____
LISA HARRIS

NOTICE OF REMOVAL
KELLY, et al.. V. CCSF, et. al.

4

N:\LABOR\LI2005\051208\00299904.DOC

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

RECEIVED

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

05 MAR 1 AM 10: 25

**NOTICE TO DEFENDANT:**  CITY AND COUNTY OF SAN FRANCISCO;
**(AVISO AL DEMANDADO):**  SAN FRANCISCO FIRE DEPARTMENT;
EDWARD M. HARRINGTON, in his Official Capacity as Con-
troller of the City and County of San Francisco; PHILIP
A. GINSBURG, in his Official Capacity as Human Resources
Director of the City and County of San Francisco; and
DOES ONE through FIFTY, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
FRANCIS KELLY and DENNIS KRUGER, individually and on
Behalf of Others Similarly Situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): | Superior Court of California<br>County of San Francisco<br>400 McAllister Street, Room 103<br>San Francisco, CA 94102 | CASE NUMBER:<br>(Número del Caso): CGC 0 5 4 3 8 9 6 5 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Diane Sidd-Champion, Esq.   (415) 882-2992
McCarthy, Johnson & Miller Law Corporation
595 Market Street, Suite 2200, San Francisco, CA 94105

Jun Panelo

DATE:     FEB 2 5 2005   GORDON PARK – Clerk, by _____, Deputy
(Fecha)                        (Secretario)                                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): City and County of San Francisco

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): CCP 416.50 (public entity)
4. ☐ by personal delivery on (date): 3/1/05

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT B

1
McCARTHY, JOHNSON & MILLER
   Law Corporation

2
DIANE SIDD-CHAMPION, ESQ., #78140
DANIELA I. KRAIEM, ESQ., #206334

3
595 Market Street, Suite 2200
San Francisco, CA 94105

4
Telephone: (415) 882-2992
Fax: (415) 882-2999

5
Attorneys for Plaintiffs

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

FEB 2 5 2005

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO
                   Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

PLAN I   JUL 2 9 2005   9:00 AM

DEPARTMENT 212

RECEIVED
MAYOR'S OFFICE
05 MAR I AM 10:

6

7

8
SUPERIOR COURT OF THE STATE OF CALIFORNIA

9
IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

10

11
FRANCIS KELLY and DENNIS KRUGER,
Individually and on Behalf of Others Similarly
Situated,

12

13
              Plaintiffs,

      v.

14

15
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO FIRE DEPARTMENT; EDWARD M.
HARRINGTON, in his Official Capacity as

16
Controller of the City and County of San Francisco;
PHILIP A. GINSBURG in his Official Capacity as

17
Human Resources Director of the City and County of
San Francisco; and DOES ONE though FIFTY,

18
inclusive,

19
              Defendants.

20

21

22

23

Case No. CGC 0 5 4 3 8 9 6 5

) **CLASS ACTION (CCP § 382)**
)
) **COLLECTIVE ACTION**
) **(29 U.S.C. § 216(b))**
)
) **COMPLAINT FOR UNPAID**
) **OVERTIME COMPENSATION,**
) **VACATION, AND VESTED SICK**
) **LEAVE, LIQUIDATED DAMAGES,**
) **INJUNCTIVE RELIEF,**
) **DECLARATORY RELIEF,**
) **ATTORNEYS' FEES AND COSTS;**
) **AND**
)
) **PETITION FOR WRIT OF**
) **MANDATE UNDER CCP § 1085**
)
) **(29 U.S.C. §§207, 216; Labor Code**
) **§227.3; San Francisco Civil Service**
) **Commission Rule 320.16)**
)
) **DEMAND FOR JURY TRIAL.**

24
     Plaintiffs Francis Kelly and Dennis Kruger, on behalf of themselves and all others similarly

25
situated, complain and allege as follows:

26
## I. INTRODUCTION

27
    1.    This action is brought concurrently as both a class action and a collective action to

28
recover unpaid overtime compensation, unpaid vacation, unpaid vested sick leave, and liquidated

CLASS ACTION COMPLAINT FOR DAMAGES AND PETITION FOR WRIT OF MANDATE
Case No.

Page 1

damages owed to Plaintiffs and all other individuals formerly employed by the San Francisco Fire Department ("SFFD") who obtained deficient lump sum payments upon separation from employment.

2.     For at least three years prior to the filing of this complaint and continuing to this day ("Liability Period"), when uniformed employees of the SFFD were paid for overtime work, for vacation time or for sick time, monies for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay, as applicable, were included in their wage rate.  When an employee separates from employment with the City and County of San Francisco ("City"), the City makes a lump sum payment to the former employee for any unused compensatory time off in lieu of overtime, vacation time, and vested sick leave.  During the Liability Period, the City has had a consistent policy of shortchanging the separating firefighters by failing to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in the lump sum payment.

3.     This action is a collective action under the Fair Labor Standards Act of 1938 ("FLSA") [29 U.S.C.§ 201 et seq.].  Under the FLSA [29 U.S.C. § 207(o)], the City is required to pay for accrued compensatory time off in lieu of overtime at the regular rate. Plaintiffs seek to recover unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and litigation costs on behalf of themselves and all similarly situated former San Francisco firefighters who may opt in pursuant to the FLSA [29 U.S.C. § 216(b)] ("Collective Action Members").  Plaintiffs will request the Court to authorize notice to all such persons informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA [29 U.S.C. § 216(b)].

4.     This action is also a class action under California Code of Civil Procedure § 382, brought on behalf of Plaintiffs and all others similarly situated who separated from employment with the SFFD at any time during the Liability Period and who received deficient lump sum payments ("Class Members"). Plaintiffs will request that the Court provide notice of this class action regarding unpaid vacation pay and unpaid vested sick leave. By the class action, Class Members are petitioning for a writ of mandate under Code of Civil Procedure § 1085 to order Defendants to pay unpaid vacation pay under Labor Code § 227.3 and unpaid vested sick leave under San Francisco Civil Service Commission Rule 320.16. Under Labor Code § 227.3, the City is required to pay for unused

vacation time at the final rate of pay. Under San Francisco Civil Service Commission Rule 320.16, the City is required to reimburse unused vested sick leave at the base rate of pay. Plaintiffs request a writ of mandate to compel Defendants to discharge their mandatory and ministerial duties to comply with Labor Code §227.3 and San Francisco Civil Service Commission Rule 320.16, as well as injunctive and declaratory relief.

5.      Pursuant to Code of Civil Procedure § 1063, the parties in this mixed civil and special proceeding will be referred to as "Plaintiffs" and "Defendants."

## II. JURISDICTION

6.      This Court has jurisdiction over Plaintiffs' and Collective Action Members' claim for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the FLSA [29 U.S.C. §§ 207, 216(b)].

7.      This Court has jurisdiction over Plaintiffs' and Class Members' petition for writ of mandate, pursuant to Code of Civil Procedure § 1085, to compel Defendants to comply with their ministerial duty to pay unpaid vacation pay as required by Labor Code § 227.3.

8.      This Court has jurisdiction over Plaintiffs' and Class Members' petition for writ of mandate, pursuant to Code of Civil Procedure §1085, to compel Defendants to comply with their ministerial duty to pay unpaid vested sick leave as required by San Francisco Civil Service Commission Rule 320.16.

## III. VENUE

9.      Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 394.

## IV. PARTIES

### A.     PLAINTIFFS

10.     Plaintiff Francis Kelly is a resident of San Francisco, California. Plaintiff Kelly was employed as a uniformed member of the SFFD for approximately more than thirty-one (31) years. Plaintiff Kelly retired from the SFFD on or about March 31, 2002. After his retirement from City employment, on or about May 21, 2002, Plaintiff Kelly received lump sum payments purporting to be for accrued vacation and vested sick leave. Plaintiff Kelly brings this complaint and petition for

1     writ of mandate on his own behalf and on behalf of all others similarly situated, pursuant to 29 U.S.C.

2     § 216(b) and Code of Civil Procedure §§ 382 and 1085.

3          11.     Plaintiff Dennis Kruger is a resident of San Mateo, California. Plaintiff Kruger was

4     employed as a uniformed member of the SFFD for more than thirty (30) years. Plaintiff Kruger retired

5     from the SFFD on or about July 10, 2004. After his retirement from City employment, on or about

6     November 19, 2004, Plaintiff Kruger received lump sum payments purporting to be for accrued

7     compensatory time in lieu of overtime, accrued vacation, and vested sick leave. Plaintiff Kruger

8     brings this complaint and petition for writ of mandate on his own behalf and on behalf of all others

9     similarly situated, pursuant to 29 U.S.C. § 216(b) and Code of Civil Procedure §§ 382 and 1085.

10         12.     At all times material herein, Plaintiffs, Class Members and Collective Action Members

11     were employees of the SFFD or individuals who had separated from such employment.

12    **B.     DEFENDANTS**

13         13.     Defendant City and County of San Francisco is, and at all times material herein was,

14     a city and county, duly organized and existing under the laws and Constitution of the State of

15     California and the Charter of the City and County of San Francisco ("Charter").

16         14.     Defendant San Francisco Fire Department is, and at all times material herein was, an

17     agency of the City and County of San Francisco.

18         15.     Defendant Edward M. Harrington, in his official capacity as Controller of the City and

19     County of San Francisco, authorizes the disbursement of all funds, including payroll, for the City and

20     County of San Francisco pursuant to Charter section 3.105.

21         16.     Defendant Philip A. Ginsburg, in his official capacity as Human Resources Director

22     of the City and County of San Francisco, administers personnel and payroll services for the City

23     employees, pursuant to Charter sections 10.102 and 10.103.

24         17.     The true names and capacities, whether individual, corporate, associate, or otherwise,

25     of Defendants sued herein as DOES One through Fifty, inclusive, are currently unknown to Plaintiffs,

26     who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.

27     Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated

28     herein as a DOE is legally responsible in some manner for the unlawful acts alleged herein. Plaintiffs

1  will seek leave of court to amend this Complaint to reflect the true names and capacities of the

2  Defendants designated hereinafter as DOES when such identities become known.

3  ### V. FACTUAL ALLEGATIONS

4  18.   At all times material herein, San Francisco Firefighters Union Local 798, IAFF, AFL-

5  CIO ("Local 798") has been the sole and exclusive collective bargaining agent and the recognized

6  employee organization within the meaning of Government Code, section 3501(b) for two units of

7  uniformed employees in the SFFD.

8  19.   At all times material herein, the City and Local 798 were parties to a Memorandum of

9  Understanding that set forth wages, hours and working conditions.

10  20.   At all times material herein, the Memorandum of Understanding provided that the

11  Defendants were to pay Training and Education Achievement Pay to members with an Associate of

12  Arts or Associate of Science degree in Fire Science or a related field, a Bachelor of Arts or Bachelor

13  of Science degree in a related field, or ten (10) years of service in the Fire Department and completion

14  of the Fire Department's annual training requirements. At all times material herein, the Memorandum

15  of Understanding stated that the Training and Education Achievement Pay is "part of an employee's

16  regular rate of pay for the purpose of computing overtime pay." At all times material herein through

17  June 30, 2004, the Memorandum of Understanding also stated that the Training and Education

18  Achievement Pay is "part of an employee's salary for the purpose of computing retirement benefits

19  and retirement contributions." Effective July 1, 2004, the Memorandum of Understanding also stated

20  that it was the parties' understanding that the Training and Education Achievement Pay is "part of the

21  salary attached to the rank" for all qualified uniformed members.

22  21.   At all times material herein beginning on July 1, 2002, the Memorandum of

23  Understanding provided that the Defendants were to pay Retention Pay to employees who had

24  completed at least twenty-seven (27) years of service in the SFFD (or at least twenty-five (25) years

25  of service as of July 1, 2003 or at least twenty-three (23) years of service as of July 1, 2004). At all

26  times material herein, the Memorandum of Understanding stated that it was the parties' understanding

27  that Retention Pay is "part of the salary attached to ranks" for employees who had completed the

28  requisite years of service. At all times material herein, the Memorandum of Understanding also stated

1   that "Retention Pay shall be included for purposes of retirement benefit calculations and

2   contributions." Effective July 1, 2004, the Memorandum of Understanding also stated that Retention

3   Pay is "part of an employee's regular rate of pay for the purpose of computing overtime pay."

4          22.    At all times material herein beginning on July 1, 2004, the Memorandum of

5   Understanding provided that the Defendants were to pay Terrorism Response Training Pay to all

6   employees. The Memorandum of Understanding provided that the Terrorism Response Training Pay

7   is "part of an employee's regular rate of pay for the purpose of computing overtime pay."   The

8   Memorandum of Understanding also stated that it was the parties' understanding that the Terrorism

9   Response Training Pay is "part of the salary attached to all ranks and shall be included for the

10  purposes of retirement benefit calculations and contributions."

11         23.    Prior to their separation from employment, Plaintiffs and Collective Action Members

12  who received, as part of their wages, Training and Education Achievement Pay, Retention Pay and

13  Terrorism Response Training Pay for regular hours worked, also received Training and Education

14  Achievement Pay, Retention Pay and Terrorism Response Training Pay when they performed overtime

15  work and received monetary compensation.

16         24.    Prior to their separation from employment, Plaintiffs and Class Members who received,

17  as part of their wages, Training and Education Achievement Pay, Retention Pay and Terrorism

18  Response Training Pay for regular hours worked, also received Training and Education Achievement

19  Pay, Retention Pay and Terrorism Response Training Pay when they took paid vacation time off.

20         25.    Prior to their separation from employment, Plaintiffs and Class Members who received,

21  as part of their wages, Training and Education Achievement Pay, Retention Pay and Terrorism

22  Response Training Pay for regular hours worked, also received Training and Education Achievement

23  Pay, Retention Pay and Terrorism Response Training Pay when they took paid sick leave.

24         26.    Upon separation from employment, Plaintiffs and Collective Action Members received

25  payments purporting to be for accrued compensatory time off in lieu of overtime.  None of these

26  payments included Training and Education Achievement Pay, Retention Pay or Terrorism Response

27  Training Pay.

28  ////

27.    Upon separation from employment, Plaintiffs and Class Members received payments purporting to be for accrued vacation time. None of these payments included Training and Education Achievement Pay, Retention Pay or Terrorism Response Training Pay.

28.    Upon separation from employment, Plaintiffs and Class Members received payments purporting to be for accrued vested sick leave. None of these payments included Training and Education Achievement Pay, Retention Pay or Terrorism Response Training Pay.

29.    The employment and work records for each Plaintiff, Collective Action Member and Class Member are in the exclusive possession, custody and control of the Defendants. Therefore, Plaintiffs are unable to state at this time the exact amounts owing to each Plaintiff, Collective Action Member and Class Member. The FLSA [29 U.S.C. § 211(c)] requires the Defendants to maintain and preserve payroll and other employment records with respect to each Plaintiff, Collective Action Member and Class Member from which the exact amount of Defendants' liability may be ascertained.

## VI.  CLASS ACTION ALLEGATIONS

30.    Plaintiffs bring this action as a class action, for violations of Labor Code § 227.3 and San Francisco Civil Service Commission Rule 320.16, pursuant to Code of Civil Procedure § 382, on behalf of themselves and all others similarly situated.

31.    The Class that Plaintiffs seek to represent is composed of and defined as follows:

> All former employees of the San Francisco Fire Department who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay and who, following separation from employment, received payment, after February 24, 2002, for vacation time and/or vested sick leave that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay.

32.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a.    <u>Membership in Class.</u>  Plaintiffs are members of the Class they seek to represent.

b.    <u>Numerosity.</u> The potential members of the Class, as defined, are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class

1    of failing to include Training and Education Achievement Pay, Retention Pay and Terrorism Response

2    Training Pay in lump sum payments for accrued vacation time and accrued vested sick leave, as

3    required by law. Class action treatment will allow those similarly situated persons to litigate their

4    claims in the manner that is most efficient and economical for the parties and the judicial system.

## VII. COLLECTIVE ACTION ALLEGATIONS

6        33.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.

7    § 216(b) as to claims for damages, liquidated damages and attorneys' fees under the FLSA. Plaintiffs

8    bring this action on their own behalf and on behalf of others similarly situated. In addition to

9    Plaintiffs, numerous other former employees of the SFFD are similarly situated in that they have

10    received lump sum payments that improperly failed to include Training and Education Achievement

11    Pay, Retention Pay and/or Terrorism Response Training Pay.

12        34.    The Collective Action Class that Plaintiffs seek to represent is composed of and

13    defined as follows:

> All former employees of the San Francisco Fire Department who were
> eligible for Training and Education Achievement Pay, Retention Pay
> and/or Terrorism Response Training Pay and who, following separation
> from employment, received payment, after February 24, 2002, for
> compensatory time off in lieu of overtime that did not include Training
> and Education Achievement Pay, Retention Pay and/or Terrorism
> Response Training Pay, and who opt in to this action.

18        35.    Plaintiffs are representative of those other former employees and act on behalf of their

19    interests as well as Plaintiffs' own interests in bringing this action. Common questions of law and fact

20    exist as to whether Defendants (1) violated the FLSA; and (2) knowingly and willfully violated the

21    FLSA. These similarly situated former employees may be identified and located through Defendants'

22    records. These similarly situated former employees should be notified and allowed to opt in to this

23    action, pursuant to 29 U.S.C. § 216(b), for the purpose of adjudicating their claims for damages,

24    liquidated damages and attorneys' fees under the FLSA.

25    ////

26    ////

27    ////

28    ////

1    Members has not been determined at this time, Plaintiffs are informed and believe, and based thereon

2    allege, that there are in excess of two hundred-fifty (250) persons in the Class.

3               c.    Commonality. There are questions of law and fact common to the Plaintiffs

4    and the Class that predominate over any questions affecting only individual members of the Class.

5    These common questions of law and fact include without limitation:

6                   (1)    Whether Defendants violated Labor Code § 227.3 by failing to include

7    Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in

8    payments for accrued vacation time.

9                   (2)    Whether Defendants violated San Francisco Civil Service Commission

10    Rule 320.16 by failing to include Training and Education Achievement Pay, Retention Pay and

11    Terrorism Response Training Pay in payments for accrued vested sick leave.

12       Even though not every Class Member is eligible for Retention Pay and Terrorism Response

13    Training Pay, virtually every Class Member is eligible for Training and Education Achievement Pay.

14    Moreover, differences among Class Members as to their balances of accrued vacation time and vested

15    sick leave at the time of separation from employment relate only to the measure of damages for each

16    individual.

17               d.    Typicality. The claims of the named Plaintiffs are typical of the claims of the

18    Class. Plaintiffs and all Class Members sustained similar injuries and damages arising out of and

19    caused by Defendants' common course of conduct in violation of the law.

20               e.    Adequacy of Representation. The named Plaintiffs will fairly and adequately

21    represent and protect the interests of the Class Members. Counsel who represent the Plaintiffs are

22    competent and expert in litigating labor and employment actions affecting numerous employees, such

23    as union members.

24               f.    Superiority of Class Action. A class action under Code of Civil Procedure

25    § 382 is superior to other available means for the fair and efficient adjudication of this controversy.

26    Individual joinder of all Class Members is not practicable, and questions of law and fact common to

27    the Class predominate over any questions affecting only individual members. Each Class Member

28    has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice

1

## VIII.  FIRST CAUSE OF ACTION
## (VIOLATION OF FAIR LABOR STANDARDS ACT)

2

3          36.      Plaintiffs  reallege and incorporate by reference each and every allegation contained

4    in paragraphs 1 through 35, inclusive, as though fully set forth herein.

5          37.      At all times material herein, the Plaintiffs and Class Members have been entitled to the

6    rights, protections and benefits provided by the FLSA.

7          38.      At all times material herein, Defendants were aware that the City and County of San

8    Francisco was subject to the FLSA.

9          39.      At all times material herein, Defendants City and County of San Francisco and San

10   Francisco Fire Department have been an "employer" as defined in 29 U.S.C. § 203(d) and a "public

11   agency" as defined in 29 U.S.C. § 203(x).

12         40.      At all times material herein, prior to their separations, Plaintiffs and Collective Action

13   Members were "employees" as defined in 29 U.S.C.§203(e)(2)(C) and "employees in fire protection

14   activities" as defined in 29 U.S.C. § 203(y).

15         41.      Employees engaged in fire protection activities who are covered under the FLSA are

16   entitled to overtime compensation at a rate of not less than one and one-half times their regular rate

17   of pay for all hours worked in excess of the maximum hours set forth in 29 U.S.C. § 207(k).

18         42.      Pursuant to 29 U.S.C. § 207(o), employees of a public agency may receive

19   compensatory time off in lieu of overtime compensation at a rate of not less than one and one-half

20   hours for each hour of overtime worked, if so provided in the applicable provisions of a memorandum

21   of understanding between the public agency and the representative of such employees.

22         43.      At all times material herein, the Memorandum of Understanding in effect between the

23   City and Local 798 provided for compensatory time off in lieu of overtime compensation.

24         44.      Pursuant to 29 U.S.C. § 207(o)(4), an employee of a public agency, who has accrued

25   compensatory time off, has the right, upon termination of employment, to be paid for the unused

26   compensatory time at a rate of compensation not less than the higher of (A) the average regular rate

27   received by such employee during the last three years of employment, or (B) the final regular rate

28   received by such employee.

45.     Plaintiffs each received a lump sum payment purporting to be for accrued compensatory time that remained unused at the time of their separation from employment. However, this lump sum payment for accrued compensatory time did not include Training and Education Achievement Pay, Retention Pay or Terrorism Response Training Pay.

46.     Because Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay are part of the regular rate of pay for purposes of computing overtime, Defendants' failure to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in the payment for accrued unused compensatory time in lieu of overtime owed to each Plaintiff and Collective Action Member is a violation of 29 U.S.C. § 207(o).

47.     As a result of the unlawful acts of Defendants, Plaintiffs and all persons similarly situated have been deprived of compensatory time in lieu of overtime in the amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

48.     At all times material herein, Defendants knew that Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay were part of the regular rate of pay for purposes of computing overtime. Notwithstanding such knowledge, Defendants repeatedly refused requests to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in payments for accrued unused compensatory time in lieu of overtime.

49.     Accordingly, the violation of 29 U.S.C. § 207(o) arising out of Defendants' failure and refusal to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in payments for accrued unused compensatory time in lieu of overtime was willful, knowing, and showed reckless disregard for whether their conduct was prohibited by the Fair Labor Standards Act.

## IX. SECOND CAUSE OF ACTION
### (WRIT OF MANDATE TO REMEDY VIOLATION OF LABOR CODE § 227.3 AND FOR DECLARATORY AND INJUNCTIVE RELIEF)

50.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 49, inclusive, as though fully set forth herein.

51.     At all times material herein, the Plaintiffs and Class Members have been entitled to the

1    rights, protections and benefits provided by Labor Code § 227.3.

2         52.    Labor Code § 227.3 states that whenever an employer provides paid vacations and an

3    employee is terminated without having taken his vested vacation time off, all vested vacation shall be

4    paid to him as wages at his final rate.

5         53.    It is Defendants' regular practice to include Training and Education Achievement Pay,

6    Retention Pay and Terrorism Response Training Pay, as appropriate, in wages paid to active

7    employees of the SFFD who take vacation time off.

8         54.    Plaintiffs and Class Members each received a lump sum payment purporting to be for

9    vested vacation time that remained unused at the time of their separation from employment. However,

10   this payment for accrued unused vacation did not include Training and Education Achievement Pay,

11   Retention Pay or Terrorism Response Training Pay.

12        55.    Because Training and Education Achievement Pay, Retention Pay and Terrorism

13   Response Training Pay are part of the employees' salary, Defendants' failure to include Training and

14   Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in the payment for

15   accrued unused vacation time constitutes a violation of Labor Code § 227.3.

16        56.    Defendants have a mandatory and ministerial duty to comply with Labor Code § 227.3

17   by paying vested vacation time, at the final rate, to uniformed employees of the SFFD who separate

18   from employment.

19        57.    Plaintiffs and Class Members will suffer an irreparable loss of wages if Defendants do

20   not properly calculate and pay their accrued unused vacation time.

21        58.    Plaintiffs and Class Members have a clear, present and beneficial right to Defendants'

22   compliance with Labor Code § 227.3.

23        59.    Plaintiffs and Class Members have no other plain, speedy and adequate remedy in the

24   ordinary course of law other than the relief sought in this petition.

25        60.    An actual controversy now exists between the Plaintiffs and Class Members, on the one

26   hand, and the Defendants, on the other, concerning their respective rights and duties.  Plaintiffs

27   contend that Labor Code §227.3 requires the Defendants to include Training and Education

28   Achievement Pay, Retention Pay and Terrorism Response Training Pay in all payments for accrued

1   unused vacation pay for all former employees who are eligible for such pay, while Defendants

2   disagree.

3      61.   Plaintiffs and Class Members seek a judicial determination and declaration that

4   Defendants' refusal to include Training and Education Achievement Pay, Retention Pay and Terrorism

5   Response Training Pay in all payments for accrued unused vacation pay for all former employees who

6   are eligible for such pay violates Labor Code § 227.3.

## X.   THIRD CAUSE OF ACTION
### (WRIT OF MANDATE TO REMEDY VIOLATION OF SAN FRANCISCO CIVIL SERVICE RULE 320.16 AND FOR DECLARATORY AND INJUNCTIVE RELIEF)

9      62.   Plaintiffs reallege and incorporate by reference each and every allegation contained in

10   paragraphs 1 through 61, inclusive, as though fully set forth herein.

11     63.   At all times material herein, Plaintiffs and Class Members have been entitled to the

12   rights, protections and benefits provided by San Francisco Civil Service Commission Rule ("CSC

13   Rule") 320.16.

14     64.   San Francisco Civil Service Commission Rule 320.16 provides that an employee, who

15   has accumulated sick leave with pay credits and has completed specified service requirements on or

16   before December 5, 1978, shall be reimbursed for all or some of the accumulated unused sick leave

17   with pay credits ("vested sick leave") on the effective date of retirement for service or disability, the

18   date of death or the date of separation caused by an industrial accident.

19     65.   CSC Rule 320.16.2 provides that reimbursement for vested sick leave "is to be

20   computed at the base rate of pay of an employee's permanent class, at the base rate of pay of the class

21   of a temporary or provisional employee with no permanent status, or at the base rate of pay in a

22   temporary or provisional appointment of an employee with permanent status in another class who has

23   held such temporary or provisional appointment continuously for one or more years at the time of

24   separation."

25     66.   It is Defendants' regular practice to include Training and Education Achievement Pay,

26   Retention Pay and Terrorism Response Training Pay, as appropriate, in wages paid to active

27   employees of the SFFD who take sick leave.

28     67.   Plaintiffs and Class Members each received a lump sum payment purporting to be for

1   vested sick leave that remained unused at the date of their separation from employment. However,

2   this payment for accrued unused vested sick leave did not include Training and Education

3   Achievement Pay, Retention Pay or Terrorism Response Training Pay.

4        68.    Because Training and Education Achievement Pay, Retention Pay and Terrorism

5   Response Training Pay are part of the employees' salary, Defendants' failure to include Training and

6   Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in the payment for

7   accrued unused vested sick leave constitutes a violation of CSC Rule 320.16.

8        69.    Defendants have a mandatory and ministerial duty to comply with CSC Rule 320.16

9   by reimbursing former employees for accrued unused vested sick leave at their base rate of pay.

10       70.    Plaintiffs and Class Members will suffer an irreparable loss of wages if Defendants do

11  not properly calculate and pay their accrued unused vested sick leave.

12       71.    Plaintiffs and Class Members have a clear, present and beneficial right to Defendants'

13  compliance with CSC Rule 320.16.

14       72.    Plaintiffs and Class Members have no other plain, speedy and adequate remedy in the

15  ordinary course of law other than the relief sought in this petition.

16       73.    An actual controversy now exists between the Plaintiffs and Class Members, on the one

17  hand, and the Defendants, on the other, concerning their respective rights and duties. Plaintiffs

18  contend that CSC Rule 320.16 requires the Defendants to include Training and Education

19  Achievement Pay, Retention Pay and Terrorism Response Training Pay in all payments for unused

20  vested sick leave for all former employees who are eligible for such pay, while Defendants disagree.

21       74.    Plaintiffs and Class Members seek a judicial determination and declaration that

22  Defendants' refusal to include Training and Education Achievement Pay, Retention Pay and Terrorism

23  Response Training Pay in all payments for unused vested sick leave for all former employees who are

24  eligible for such pay violates CSC Rule 320.16.

## XI. PRAYER FOR RELIEF

26       WHEREFORE, Plaintiffs, on behalf of themselves, the Class Members they seek to represent,

27  and all employees similarly situated who join in this action, request the following relief:

28  ////

---

CLASS ACTION COMPLAINT FOR DAMAGES AND PETITION FOR WRIT OF MANDATE
Case No.                                                                                    Page 14

1.   AS TO THE FIRST CAUSE OF ACTION (Violation of Fair Labor Standards Act)

a.   Authorization to issue notice at the earliest possible time to all former employees of the San Francisco Fire Department who separated from employment on or after July 1, 2001, informing them that this action has been filed, of the nature of the action, and of their right to opt in to this lawsuit if they received a payment during the Liability Period, for unused compensatory time in lieu of overtime that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay for which they were eligible;

b.   A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and persons similarly situated who opt in to this action by failing to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in payments for unused compensatory time in lieu of overtime;

c.   A declaratory judgment that Defendants' violations of the FLSA were willful;

d.   An order for a complete and accurate accounting of all the unpaid compensatory time to which each Plaintiff and others similarly situated is entitled;

e.   An award to Plaintiffs and others similarly situated who opt in to this action of damages in the amount of unpaid compensatory time in lieu of overtime, subject to proof;

f.   An award to Plaintiffs and others similarly situated who opt in to this action of liquidated damages in an amount equal to the compensatory time shown to be owed, pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest; and

g.   An award to Plaintiffs and others similarly situated who opt in to this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

2.   AS TO THE SECOND CAUSE OF ACTION (Violation of Labor Code §227.3)

a.   A determination that this action may be maintained as a class action under Code of Civil Procedure § 382 and notice to the Class Members;

b.   A declaratory judgment that Defendants have violated Labor Code § 227.3 as to the Plaintiffs and the Class by failing to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in payments for accrued unused vacation time;

1           c.      An order requiring Defendants to provide a complete and accurate accounting

2    of all the accrued unpaid vacation time to which each Plaintiff and Class Member is entitled;

3           d.      A peremptory writ of mandate ordering Defendants to comply with Labor Code

4    § 227.3 and to pay each eligible Plaintiff and Class Member for accrued vacation time at the rate that

5    includes Training and Education Achievement Pay, Retention Pay and Terrorism Response Training

6    Pay, plus interest; and

7           e.      Judgment in accordance herewith.

8       3.     AS TO THE THIRD CAUSE OF ACTION (Violation of San Francisco Civil Service

9    Commission Rule 320.16)

10          a.      A determination that this action may be maintained as a class action under Code

11   of Civil Procedure § 382 and notice to the Class Members;

12          b.      A declaratory judgment that Defendants have violated San Francisco Civil

13   Service Commission Rule 320.16 as to the Plaintiffs and the Class by failing to include Training and

14   Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in payments for

15   accrued vested sick leave;

16          c.      An Order requiring Defendants to provide a complete and accurate accounting

17   of all the accrued vested sick leave to which each Plaintiff and Class Member is entitled;

18          d.      A peremptory writ of mandate ordering Defendants to comply with Civil

19   Service Commission Rule 320.16 and to pay each eligible Plaintiff and Class Member for accrued

20   vested sick leave at the rate that includes Training and Education Achievement Pay, Retention Pay and

21   Terrorism Response Training Pay, plus interest; and

22          e.      Judgment in accordance herewith.

23      4.     AS TO ALL CAUSES OF ACTION

24          a.      An order that Defendants include Training and Education Achievement Pay,

25   Retention Pay and Terrorism Response Training Pay, as appropriate, in all future lump sum payments

26   for accrued compensatory time in lieu of overtime, vacation time and vested sick leave;

27          b.      An award to Plaintiffs of reasonable attorneys' fees and the costs of suit

28   incurred herein; and

---

CLASS ACTION COMPLAINT FOR DAMAGES AND PETITION FOR WRIT OF MANDATE
Case No.

c.      An award of such other and further relief as this Court deems just and proper.

### XII.  DEMAND FOR JURY TRIAL

Plaintiffs, Class Members and Collective Action Members hereby demand a jury trial on all causes of action and claims with respect to which they have a right to trial by jury.

McCARTHY, JOHNSON & MILLER
LAW CORPORATION

Dated:  February 24, 2005

By: _____
DIANE SIDD-CHAMPION
Attorneys for Plaintiffs

## VERIFICATION

I, Francis Kelly, am a Plaintiff in this action. I have read the foregoing complaint and petition and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 24, 2005 at San Francisco, California.

_____
FRANCIS KELLY

---

CLASS ACTION COMPLAINT FOR DAMAGES AND PETITION FOR WRIT OF MANDATE
Case No.                                                                                    Page 18

## VERIFICATION

I, Dennis Kruger, am a Plaintiff in this action. I have read the foregoing petition and complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 24, 2005 at San Francisco, California.

DENNIS KRUGER