McCARTHY, JOHNSON & MILLER
    Law Corporation
DIANE SIDD-CHAMPION, ESQ., #78140
DANIELA I. KRAIEM, ESQ., #206334
595 Market Street, Suite 2200
San Francisco, CA  94105
Telephone:  (415) 882-2992
Fax:  (415) 882-2999

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS KELLY, DENNIS KRUGER, ROBERT P. ANDERSON, GEORGE O. BULLWINKEL, STEPHEN C. CHRISTENSEN, FRED J. FEGAN, GERALD L. GREY, THOMAS E. KAZARIAN, FRANK M. KUNST, GARY J. LAVAYSSE, PATRICK H. McLAUGHLIN, DANIEL M. O'DONNELL, ROBERT G. OLLER, HENRY L. RANEY, GEORGE J. RIPOLL, PATRICIA CAULFIELD AND HORTENCE PUCCETTI, Individually and on Behalf of Others Similarly Situated,<br><br>            Plaintiffs,<br><br>         v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO FIRE DEPARTMENT; EDWARD M. HARRINGTON, in his Official Capacity as Controller of the City and County of San Francisco; PHILIP A. GINSBURG in his Official Capacity as Human Resources Director of the City and County of San Francisco; and DOES ONE though FIFTY, inclusive,<br><br>            Defendants. | Case No. C 05-1287 EMC<br><br>**FIRST AMENDED COMPLAINT FOR UNPAID OVERTIME COMPENSATION, VACATION, AND VESTED SICK LEAVE, LIQUIDATED DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, ATTORNEYS' FEES AND COSTS; AND PETITION FOR WRIT OF MANDATE UNDER CAL. CODE CIV. PROC. § 1085**<br>**(29 U.S.C. §§207, 216; Cal. Lab. Code §227.3; San Francisco Civil Service Commission Rule 320.16)**<br>**AND**<br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION (Fed. R. Civ. P. 23)**<br><br>**COLLECTIVE ACTION (29 U.S.C. § 216(b))** |

Plaintiffs complain and allege as follows:

## I.  INTRODUCTION

1.      This action is brought concurrently as both a class action and a collective action to recover unpaid overtime compensation, unpaid vacation, unpaid vested sick leave, and liquidated

damages owed to Plaintiffs and all other individuals formerly employed by the San Francisco Fire Department ("SFFD") who obtained deficient lump sum payments upon separation from employment.

2.      For at least three years prior to the filing of this complaint and continuing to this day ("Liability Period"), when uniformed employees of the SFFD were paid for overtime work, for vacation time or for sick time, monies for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay, as applicable, were included in their wage rate.  When an employee separates from employment with the City and County of San Francisco ("City"), the City makes a lump sum payment to the former employee for any unused compensatory time off in lieu of overtime, vacation time, and vested sick leave.  During the Liability Period, the City has had a consistent policy of shortchanging the separating firefighters by failing to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in the lump sum payment.

3.      This action is a collective action under the Fair Labor Standards Act of 1938 ("FLSA") [29 U.S.C.§ 201 et seq.].  Under the FLSA [29 U.S.C. § 207(o)], the City is required to pay for accrued compensatory time off in lieu of overtime at the regular rate.  Plaintiffs seek to recover unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and litigation costs on behalf of themselves and all similarly situated former San Francisco firefighters who may opt in pursuant to the FLSA [29 U.S.C. § 216(b)] ("Collective Action Members").  Plaintiffs will request the Court to authorize notice to all such persons informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA [29 U.S.C. § 216(b)].

4.      This action is also a class action under Rule 23 of the Federal Rules of Civil Procedure, brought on behalf of Plaintiffs and all others similarly situated who separated from employment with the SFFD at any time during the Liability Period and who received deficient lump sum payments ("Class Members").  Plaintiffs will request that the Court provide notice of this class action regarding unpaid vacation pay and unpaid vested sick leave.  By the class action, Class Members are petitioning for a writ of mandate under California Code of Civil Procedure § 1085 to order Defendants to pay unpaid vacation pay under California Labor Code § 227.3 and unpaid vested sick leave under San Francisco Civil Service Commission Rule 320.16.  Under California Labor Code § 227.3, the City is

1   required to pay for unused vacation time at the final rate of pay. Under San Francisco Civil Service

2   Commission Rule 320.16, the City is required to reimburse unused vested sick leave at the base rate

3   of pay. Plaintiffs request a writ of mandate to compel Defendants to discharge their mandatory and

4   ministerial duties to comply with Labor Code §227.3 and San Francisco Civil Service Commission

5   Rule 320.16, as well as injunctive and declaratory relief.

6       5.      Pursuant to California Code of Civil Procedure § 1063, the parties in this mixed civil

7   and special proceeding will be referred to as "Plaintiffs" and "Defendants."

## II. JURISDICTION

8

9       6.      This Court has jurisdiction over Plaintiffs' and Collective Action Members' claim for

10  unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the

11  FLSA [29 U.S.C. §§ 207, 216(b)].

12      7.      This Court has supplemental jurisdiction over Plaintiffs' and Class Members' petition

13  for writ of mandate, pursuant to Code of Civil Procedure § 1085, to compel Defendants to comply

14  with their ministerial duty to pay unpaid vacation pay as required by California Labor Code § 227.3

15  and to pay unpaid vested sick leave as required by San Francisco Civil Service Commission Rule

16  320.16. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to

17  28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form

18  part of the same case or controversy between Plaintiffs and Defendants.

## III. VENUE

19

20      9.      Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b)

21  because the events or omissions giving rise to the claims occurred in this District.

## IV. PARTIES

22

**A.      PLAINTIFFS**

23

24      10.     Plaintiff Francis Kelly is a resident of San Francisco, California. Plaintiff Kelly was

25  employed as a uniformed member of the SFFD for approximately more than thirty-one (31) years.

26  Plaintiff Kelly retired from the SFFD on or about March 31, 2002. After his retirement from City

27  employment, on or about May 21, 2002, Plaintiff Kelly received lump sum payments purporting to

28  be for accrued vacation and vested sick leave. Plaintiff Kelly brings this complaint and petition for

1   writ of mandate on his own behalf and on behalf of all others similarly situated, pursuant to 29 U.S.C.

2   § 216(b), California Code of Civil Procedure § 1085, and Federal Rule of Civil Procedure 23.

3       11.   Plaintiff Dennis Kruger is a resident of San Mateo, California.  Plaintiff Kruger was

4   employed as a uniformed member of the SFFD for more than thirty (30) years.  Plaintiff Kruger retired

5   from the SFFD on or about July 10, 2004.  After his retirement from City employment, on or about

6   November 19, 2004, Plaintiff Kruger received lump sum payments purporting to be for accrued

7   compensatory time in lieu of overtime, accrued vacation, and vested sick leave.  Plaintiff Kruger

8   brings this complaint and petition for writ of mandate on his own behalf and on behalf of all others

9   similarly situated, pursuant to 29 U.S.C. § 216(b), California Code of Civil Procedure § 1085, and

10  Federal Rule of Civil Procedure 23.

11      12.   Plaintiff Robert P. Anderson is a resident of San Francisco, California.  Plaintiff

12  George O. Bullwinkel is a resident of Hollister, California.  Plaintiff Stephen C. Christensen is a

13  resident of Windsor, California.  Plaintiff Fred J. Fegan is a resident of Sonoma, California.  Plaintiff

14  Gerald L. Grey is a resident of Redwood City, California.  Plaintiff Thomas E. Kazarian is a resident

15  of Montara, California.  Plaintiff Frank M. Kunst is a resident of Vacaville, California.  Plaintiff Gary

16  J. Lavaysse is a resident of Sonoma, California.  Plaintiff Patrick H. McLaughlin a resident of Pleasant

17  Hill, California.  Plaintiff Daniel M. O'Donnell is a resident of Santa Rosa, California.  Plaintiff

18  Robert G. Oller is a resident of Sonoma, California.  Plaintiff Henry L. Raney is a resident of Concord,

19  California.  Plaintiff George J. Ripoll is a resident of Sebastopol, California.

20      13.   Plaintiffs Anderson, Bullwinkel, Christensen, Fegan, Grey, Kazarian, Kunst, Lavaysse,

21  McLaughlin, O'Donnell, Oller, Raney, and Ripoll were each employed as a uniformed member of the

22  San Francisco Fire Department until his separation from City employment in 2002.  Thereafter, each

23  such Plaintiff received a lump sum payment purporting to be for accrued compensatory time in lieu

24  of overtime, accrued vacation and/or vested sick leave.

25      14.   Plaintiff Patricia Caulfield is a resident of San Francisco, California. Plaintiff Caulfield

26  is the widow of, and successor in interest to, Garet J. Caulfield who was employed as a uniformed

27  member of the San Francisco Fire Department until his separation from City employment in 2002.

28  Thereafter, Plaintiff Caulfield received a lump sum payment purporting to be for accrued

1   compensatory time in lieu of overtime, accrued vacation and/or vested sick leave earned by Garet J.

2   Caulfield.

3   15.   Plaintiff Hortence Puccetti is a resident of San Francisco, California. Plaintiff Puccetti

4   is the widow of, and successor in interest to, Frank Puccetti who was employed as a uniformed

5   member of the San Francisco Fire Department until his separation from City employment in 2002.

6   Thereafter, Plaintiff Puccetti received a lump sum payment purporting to be for accrued compensatory

7   time in lieu of overtime, accrued vacation and/or vested sick leave earned by Frank Puccetti.

8   16.   At all times material herein, Plaintiffs, Class Members and Collective Action Members

9   were employees of the SFFD, individuals who had separated from such employment, or successors

10   in interest to said employees or individuals.

11   **B.   DEFENDANTS**

12   17.   Defendant City and County of San Francisco is, and at all times material herein was,

13   a city and county, duly organized and existing under the laws and Constitution of the State of

14   California and the Charter of the City and County of San Francisco ("Charter").

15   18.   Defendant San Francisco Fire Department is, and at all times material herein was, an

16   agency of the City and County of San Francisco.

17   19.   Defendant Edward M. Harrington, in his official capacity as Controller of the City and

18   County of San Francisco, authorizes the disbursement of all funds, including payroll, for the City and

19   County of San Francisco pursuant to Charter section 3.105.

20   20.   Defendant Philip A. Ginsburg, in his official capacity as Human Resources Director

21   of the City and County of San Francisco, administers personnel and payroll services for the City

22   employees, pursuant to Charter sections 10.102 and 10.103.

23   21.   The true names and capacities, whether individual, corporate, associate, or otherwise,

24   of Defendants sued herein as DOES One through Fifty, inclusive, are currently unknown to Plaintiffs,

25   who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.

26   Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated

27   herein as a DOE is legally responsible in some manner for the unlawful acts alleged herein. Plaintiffs

28   will seek leave of court to amend this Complaint to reflect the true names and capacities of the

1    Defendants designated hereinafter as DOES when such identities become known.

2                          **V.  FACTUAL ALLEGATIONS**

3           22.    At all times material herein, San Francisco Firefighters Union Local 798, IAFF, AFL-

4    CIO ("Local 798") has been the sole and exclusive collective bargaining agent and the recognized

5    employee organization within the meaning of California Government Code § 3501(b) for two units

6    of uniformed employees in the SFFD.

7           23.    At all times material herein, the City and Local 798 were parties to a Memorandum of

8    Understanding that set forth wages, hours and working conditions.

9           24.    At all times material herein, the Memorandum of Understanding provided that the

10   Defendants were to pay Training and Education Achievement Pay to members with an Associate of

11   Arts or Associate of Science degree in Fire Science or a related field, a Bachelor of Arts or Bachelor

12   of Science degree in a related field, or ten (10) years of service in the Fire Department and completion

13   of the Fire Department's annual training requirements.  At all times material herein, the Memorandum

14   of Understanding stated that the Training and Education Achievement Pay is "part of an employee's

15   regular rate of pay for the purpose of computing overtime pay."  At all times material herein through

16   June 30, 2004, the Memorandum of Understanding also stated that the Training and Education

17   Achievement Pay is "part of an employee's salary for the purpose of computing retirement benefits

18   and retirement contributions." Effective July 1, 2004, the Memorandum of Understanding also stated

19   that it was the parties' understanding that the Training and Education Achievement Pay is "part of the

20   salary attached to the rank" for all qualified uniformed members.

21          25.    At all times material herein beginning on July 1, 2002, the Memorandum of

22   Understanding provided that the Defendants were to pay Retention Pay to employees who had

23   completed at least twenty-seven (27) years of service in the SFFD (or at least twenty-five (25) years

24   of service as of July 1, 2003 or at least twenty-three (23) years of service as of July 1, 2004).  At all

25   times material herein, the Memorandum of Understanding stated that it was the parties' understanding

26   that Retention Pay is "part of the salary attached to ranks" for employees who had completed the

27   requisite years of service.  At all times material herein, the Memorandum of Understanding also stated

28   that "Retention Pay shall be included for purposes of retirement benefit calculations and

contributions." Effective July 1, 2004, the Memorandum of Understanding also stated that Retention Pay is "part of an employee's regular rate of pay for the purpose of computing overtime pay."

26.     At all times material herein beginning on July 1, 2004, the Memorandum of Understanding provided that the Defendants were to pay Terrorism Response Training Pay to all employees. The Memorandum of Understanding provided that the Terrorism Response Training Pay is "part of an employee's regular rate of pay for the purpose of computing overtime pay." The Memorandum of Understanding also stated that it was the parties' understanding that the Terrorism Response Training Pay is "part of the salary attached to all ranks and shall be included for the purposes of retirement benefit calculations and contributions."

27.     Prior to their separation from employment, Plaintiffs and Collective Action Members who received, as part of their wages, Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay for regular hours worked, also received Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay when they performed overtime work and received monetary compensation.

28.     Prior to their separation from employment, Plaintiffs and Class Members who received, as part of their wages, Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay for regular hours worked, also received Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay when they took paid vacation time off.

29.     Prior to their separation from employment, Plaintiffs and Class Members who received, as part of their wages, Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay for regular hours worked, also received Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay when they took paid sick leave.

30.     Upon separation from employment, Plaintiffs and Collective Action Members received payments purporting to be for accrued compensatory time off in lieu of overtime. None of these payments included Training and Education Achievement Pay, Retention Pay or Terrorism Response Training Pay.

31.     Upon separation from employment, Plaintiffs and Class Members received payments purporting to be for accrued vacation time. None of these payments included Training and Education

1    Achievement Pay, Retention Pay or Terrorism Response Training Pay.

2         32.    Upon separation from employment, Plaintiffs and Class Members received payments

3    purporting to be for accrued vested sick leave.  None of these payments included Training and

4    Education Achievement Pay, Retention Pay or Terrorism Response Training Pay.

5         33.    The employment and work records for each Plaintiff, Collective Action Member and

6    Class Member are in the exclusive possession, custody and control of the Defendants.  Therefore,

7    Plaintiffs are unable to state at this time the exact amounts owing to each Plaintiff, Collective Action

8    Member and Class Member.  The FLSA [29 U.S.C. § 211(c)] requires the Defendants to maintain and

9    preserve payroll and other employment records with respect to each Plaintiff, Collective Action

10   Member and Class Member from which the exact amount of Defendants' liability may be ascertained.

11                      **VI.  CLASS ACTION ALLEGATIONS**

12        34.    Plaintiffs bring this action as a class action, for violations of Labor Code § 227.3 and

13   San Francisco Civil Service Commission Rule 320.16, pursuant to Federal Rule of Civil Procedure

14   23, on behalf of themselves and all others similarly situated.

15        35.    The Class that Plaintiffs seek to represent is composed of and defined as follows:

16            All former employees of the San Francisco Fire Department who were
             eligible for Training and Education Achievement Pay, Retention Pay
17           and/or Terrorism Response Training Pay and who, following separation
             from employment, received payment, after February 24, 2002, for
18           vacation time and/or vested sick leave that did not include Training and
             Education Achievement Pay, Retention Pay and/or Terrorism Response
19           Training Pay.

20        36.    This action has been brought and may properly be maintained as a class action under

21   Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the

22   litigation and the proposed class is easily ascertainable:

23            a.    Membership in Class.  Plaintiffs are members of the Class they seek to

24   represent.

25            b.    Numerosity.  The potential members of the Class, as defined, are so numerous

26   that joinder of all the members of the Class is impracticable.  While the precise number of Class

27   Members has not been determined at this time, Plaintiffs are informed and believe, and based thereon

28   allege, that there are in excess of two hundred-fifty (250) persons in the Class.

1      c.    Commonality.  There are questions of law and fact common to the Plaintiffs

2   and the Class that predominate over any questions affecting only individual members of the Class.

3   These common questions of law and fact include without limitation:

4          (1)     Whether Defendants violated Labor Code § 227.3 by failing to include

5   Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay  in

6   payments for accrued vacation time.

7          (2)     Whether Defendants violated San Francisco Civil Service Commission

8   Rule 320.16 by failing to include Training and Education Achievement Pay, Retention Pay and

9   Terrorism Response Training Pay in payments for accrued vested sick leave.

10      Even though not every Class Member is eligible for Retention Pay and  Terrorism Response

11  Training Pay, virtually every Class Member is eligible for  Training and Education Achievement Pay.

12  Moreover, differences among Class Members as to their balances of accrued vacation time and vested

13  sick leave at the time of separation from employment relate only to the measure of damages for each

14  individual.

15      d.    Typicality.  The claims of the named Plaintiffs are typical of the claims of the

16  Class.   Plaintiffs and all Class Members sustained similar injuries and damages arising out of and

17  caused by Defendants' common course of conduct in violation of the law.

18      e.    Adequacy of Representation.  The named Plaintiffs will fairly and adequately

19  represent and protect the interests of the Class Members.  Counsel who represent the Plaintiffs are

20  competent and expert in litigating labor and employment actions affecting numerous employees, such

21  as union members.

22      f.    Superiority of Class Action.  A class action under Federal Rule of Civil

23  Procedure 23 is superior to other available means for the fair and efficient adjudication of this

24  controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact

25  common to the Class predominate over any questions affecting only individual members.  Each Class

26  Member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or

27  practice of failing to include Training and Education Achievement Pay, Retention Pay and Terrorism

28  Response Training Pay in lump sum payments for accrued vacation time and accrued vested sick

1  leave, as required by law.  Class action treatment will allow those similarly situated persons to litigate

2  their claims in the manner that is most efficient and economical for the parties and the judicial system.

3  ## VII.  COLLECTIVE ACTION ALLEGATIONS

4       37.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C.

5  § 216(b) as to claims for damages, liquidated damages and attorneys' fees under the FLSA.  Plaintiffs

6  bring this action on their own behalf and on behalf of others similarly situated.  In addition to

7  Plaintiffs, numerous other former employees of the SFFD are similarly situated in that they have

8  received lump sum payments that improperly failed to include Training and Education Achievement

9  Pay, Retention Pay and/or Terrorism Response Training Pay.

10       38.     The Collective Action Class that Plaintiffs seek to represent is composed of and

11  defined as follows:

12       All former employees of the San Francisco Fire Department who were
         eligible for Training and Education Achievement Pay, Retention Pay
13       and/or Terrorism Response Training Pay and who, following separation
         from employment, received payment, after February 24, 2002, for
14       compensatory time off in lieu of overtime that did not include Training
         and Education Achievement Pay, Retention Pay and/or Terrorism
15       Response Training Pay,  and who opt in to this action.

16       39.     Plaintiffs are representative of those other former employees and act on behalf of their

17  interests as well as Plaintiffs' own interests in bringing this action.  Common questions of law and fact

18  exist as to whether Defendants (1) violated the FLSA; and (2) knowingly and willfully violated the

19  FLSA.  These similarly situated former employees may be identified and located through Defendants'

20  records.  These similarly situated former employees should be notified and allowed to opt in to this

21  action, pursuant to 29 U.S.C. § 216(b), for the purpose of adjudicating their claims for damages,

22  liquidated damages and attorneys' fees under the FLSA.

23
24  ## VIII.  FIRST CAUSE OF ACTION
    ## (VIOLATION OF FAIR LABOR STANDARDS ACT)

25       40.     Plaintiffs  reallege and incorporate by reference each and every allegation contained

26  in paragraphs 1 through 39, inclusive, as though fully set forth herein.

27       41.     At all times material herein, the Plaintiffs and Class Members have been entitled to the

28  rights, protections and benefits provided by the FLSA.

42.     At all times material herein, Defendants were aware that the City and County of San Francisco was subject to the FLSA.

43.     At all times material herein, Defendants City and County of San Francisco and San Francisco Fire Department have been an "employer" as defined in 29 U.S.C. § 203(d) and a "public agency" as defined in 29 U.S.C. § 203(x).

44.     At all times material herein, prior to their separations, Plaintiffs and Collective Action Members were "employees" as defined in 29 U.S.C.§203(e)(2)(C) and "employees in fire protection activities" as defined in 29 U.S.C. § 203(y) or successors in interest to such employees.

45.     Employees engaged in fire protection activities who are covered under the FLSA are entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of the maximum hours set forth in 29 U.S.C. § 207(k).

46.     Pursuant to 29 U.S.C. § 207(o), employees of a public agency may receive compensatory time off in lieu of overtime compensation at a rate of not less than one and one-half hours for each hour of overtime worked, if so provided in the applicable provisions of a memorandum of understanding between the public agency and the representative of such employees.

47.     At all times material herein, the Memorandum of Understanding in effect between the City and Local 798 provided for compensatory time off in lieu of overtime compensation.

48.     Pursuant to 29 U.S.C. § 207(o)(4), an employee of a public agency, who has accrued compensatory time off, has the right, upon termination of employment, to be paid for the unused compensatory time at a rate of compensation not less than the higher of (A) the average regular rate received by such employee during the last three years of employment, or (B) the final regular rate received by such employee.

49.     Plaintiffs each received a lump sum payment purporting to be for accrued compensatory time that remained unused at the time of separation from employment.  However, this lump sum payment for accrued compensatory time did not include Training and Education Achievement Pay, Retention Pay or Terrorism Response Training Pay.

50.     Because Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay are part of the regular rate of pay for purposes of computing overtime,

1    Defendants' failure to include Training and Education Achievement Pay, Retention Pay and Terrorism

2    Response Training Pay in the payment for accrued unused compensatory time in lieu of overtime owed

3    to each Plaintiff and Collective Action Member is a violation of 29 U.S.C. § 207(o).

4        51.    As a result of the unlawful acts of Defendants, Plaintiffs and all persons similarly

5    situated have been deprived of compensatory time in lieu of overtime in the amounts to be determined

6    at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs,

7    pursuant to 29 U.S.C. § 216(b).

8        52.    At all times material herein, Defendants knew that Training and Education

9    Achievement Pay, Retention Pay and Terrorism Response Training Pay were part of the regular rate

10   of pay for purposes of computing overtime.  Notwithstanding such knowledge, Defendants repeatedly

11   refused requests to include Training and Education Achievement Pay, Retention Pay and Terrorism

12   Response Training Pay in payments for accrued unused compensatory time in lieu of overtime.

13       53.    Accordingly, the violation of 29 U.S.C. § 207(o) arising out of Defendants' failure and

14   refusal to include Training and Education Achievement Pay, Retention Pay and Terrorism Response

15   Training Pay in payments for accrued unused compensatory time in lieu of overtime was willful,

16   knowing, and showed reckless disregard for whether their conduct was prohibited by the Fair Labor

17   Standards Act.

18                          **IX.  SECOND CAUSE OF ACTION**
     **(WRIT OF MANDATE TO REMEDY VIOLATION OF CALIFORNIA LABOR CODE**
19   **§ 227.3 AND FOR DECLARATORY AND INJUNCTIVE RELIEF)**

20       54.    Plaintiffs reallege and incorporate by reference each and every allegation contained in

21   paragraphs 1 through 53, inclusive, as though fully set forth herein.

22       55.    At all times material herein, the Plaintiffs and Class Members have been entitled to the

23   rights, protections and benefits provided by California Labor Code § 227.3.

24       56.    California Labor Code § 227.3 states that whenever an employer provides paid

25   vacations and an employee is terminated without having taken his vested vacation time off, all vested

26   vacation shall be paid to him as wages at his final rate.

27       57.    It is Defendants' regular practice to include Training and Education Achievement Pay,

28   Retention Pay and Terrorism Response Training Pay, as appropriate, in wages paid to active

---

1    employees of the SFFD who take vacation time off.

2         58.    Plaintiffs and Class Members each received a lump sum payment purporting to be for

3    vested vacation time that remained unused at the time of separation from employment.  However, this

4    payment for accrued unused vacation did not include Training and Education Achievement Pay,

5    Retention Pay or Terrorism Response Training Pay.

6         59.    Because Training and Education Achievement Pay, Retention Pay and Terrorism

7    Response Training Pay are part of the employees' salary, Defendants' failure to include Training and

8    Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in the payment for

9    accrued unused vacation time constitutes a violation of California Labor Code § 227.3.

10        60.    Defendants have a mandatory and ministerial duty to comply with California Labor

11   Code § 227.3 by paying vested vacation time, at the final rate, to uniformed employees of the SFFD

12   who separate from employment.

13        61.    Plaintiffs and Class Members will suffer an irreparable loss of wages if Defendants do

14   not properly calculate and pay the accrued unused vacation time.

15        62.    Plaintiffs and Class Members have a clear, present and beneficial right to Defendants'

16   compliance with California Labor Code § 227.3.

17        63.    Plaintiffs and Class Members have no other plain, speedy and adequate remedy in the

18   ordinary course of law other than the relief sought in this petition.

19        64.    An actual controversy now exists between the Plaintiffs and Class Members, on the one

20   hand, and the Defendants, on the other, concerning their respective rights and duties.  Plaintiffs

21   contend that California Labor Code §227.3 requires the Defendants to include Training and Education

22   Achievement Pay, Retention Pay and Terrorism Response Training Pay in all payments for accrued

23   unused vacation pay for all former employees who are eligible for such pay, while Defendants

24   disagree.

25        65.    Plaintiffs and Class Members seek a judicial determination and declaration that

26   Defendants' refusal to include Training and Education Achievement Pay, Retention Pay and Terrorism

27   Response Training Pay in all payments for accrued unused vacation pay for all former employees who

28   are eligible for such pay violates Labor Code § 227.3.

## X.  THIRD CAUSE OF ACTION
### (WRIT OF MANDATE TO REMEDY VIOLATION OF SAN FRANCISCO CIVIL SERVICE RULE 320.16 AND FOR DECLARATORY AND INJUNCTIVE RELIEF)

66.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 65, inclusive, as though fully set forth herein.

67.     At all times material herein, Plaintiffs and Class Members have been entitled to the rights, protections and benefits provided by San Francisco Civil Service Commission Rule ("CSC Rule") 320.16.

68.     San Francisco Civil Service Commission Rule 320.16 provides that an employee, who has accumulated sick leave with pay credits and has completed specified service requirements on or before December 5, 1978, shall be reimbursed for all or some of the accumulated unused sick leave with pay credits ("vested sick leave") on the effective date of retirement for service or disability, the date of death or the date of separation caused by an industrial accident.

69.     CSC Rule 320.16.2 provides that reimbursement for vested sick leave "is to be computed at the base rate of pay of an employee's permanent class, at the base rate of pay of the class of a temporary or provisional employee with no permanent status, or at the base rate of pay in a temporary or provisional appointment of an employee with permanent status in another class who has held such temporary or provisional appointment continuously for one or more years at the time of separation."

70.     It is Defendants' regular practice to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay, as appropriate, in wages paid to active employees of the SFFD who take sick leave.

71.     Plaintiffs and Class Members each received a lump sum payment purporting to be for vested sick leave that remained unused at the date of their separation from employment.  However, this payment for accrued unused vested sick leave did not include Training and Education Achievement Pay, Retention Pay or Terrorism Response Training Pay.

72.     Because Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay are part of the employees' salary, Defendants' failure to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in the payment for

1    accrued unused vested sick leave constitutes a violation of CSC Rule 320.16.

2        73.    Defendants have a mandatory and ministerial duty to comply with CSC Rule 320.16

3    by reimbursing former employees for accrued unused vested sick leave at their base rate of pay.

4        74.    Plaintiffs and Class Members will suffer an irreparable loss of wages if Defendants do

5    not properly calculate and pay their accrued unused vested sick leave.

6        75.    Plaintiffs and Class Members have a clear, present and beneficial right to Defendants'

7    compliance with CSC Rule 320.16.

8        76.    Plaintiffs and Class Members have no other plain, speedy and adequate remedy in the

9    ordinary course of law other than the relief sought in this petition.

10       77.    An actual controversy now exists between the Plaintiffs and Class Members, on the one

11   hand, and the Defendants, on the other, concerning their respective rights and duties.  Plaintiffs

12   contend that CSC Rule 320.16 requires the Defendants to include Training and Education

13   Achievement Pay, Retention Pay and Terrorism Response Training Pay in all payments for unused

14   vested sick leave for all former employees who are eligible for such pay, while Defendants disagree.

15       78.    Plaintiffs and Class Members seek a judicial determination and declaration that

16   Defendants' refusal to include Training and Education Achievement Pay, Retention Pay and Terrorism

17   Response Training Pay in all payments for unused vested sick leave for all former employees who are

18   eligible for such pay violates CSC Rule 320.16.

19                          **XI.  PRAYER FOR RELIEF**

20       WHEREFORE, Plaintiffs, on behalf of themselves, the Class Members they seek to represent,

21   and all employees similarly situated who join in this action, request the following relief:

22       1.    AS TO THE FIRST CAUSE OF ACTION (Violation of Fair Labor Standards Act)

23           a.    Authorization to issue notice at the earliest possible time to all former

24   employees of the San Francisco Fire Department who separated from employment on or after July 1,

25   2001, informing them that this action has been filed, of the nature of the action, and of their right to

26   opt in to this lawsuit if they received a payment during the Liability Period, for unused compensatory

27   time in lieu of overtime that did not include Training and Education Achievement Pay, Retention Pay

28   and/or Terrorism Response Training Pay for which they were eligible;

---

1      b.     A declaratory judgment that Defendants have violated the overtime provisions

2 of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and persons similarly situated who opt in to this

3 action by failing to include Training and Education Achievement Pay, Retention Pay and Terrorism

4 Response Training Pay in payments for unused compensatory time in lieu of overtime;

5      c.     A declaratory judgment that Defendants' violations of the FLSA were willful;

6      d.     An order for a complete and accurate accounting of all the unpaid compensatory

7 time to which each Plaintiff and others similarly situated is entitled;

8      e.     An award to Plaintiffs and others similarly situated who opt in to this action of

9 damages in the amount of unpaid compensatory time in lieu of overtime, subject to proof;

10      f.     An award to Plaintiffs and others similarly situated who opt in to this action of

11 liquidated damages in an amount equal to the compensatory time shown to be owed, pursuant to

12 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment

13 interest; and

14      g.     An award to Plaintiffs and others similarly situated who opt in to this action of

15 reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

16    2.     AS TO THE SECOND CAUSE OF ACTION (Violation of California Labor Code

17 §227.3)

18      a.     A determination that this action may be maintained as a class action under Rule

19 23 of the Federal Rules of Civil Procedure and notice to the Class Members;

20      b.     A declaratory judgment that Defendants have violated California Labor Code

21 § 227.3 as to the Plaintiffs and the Class by failing to include Training and Education Achievement

22 Pay, Retention Pay and Terrorism Response Training Pay in payments for accrued unused vacation

23 time;

24      c.     An order requiring Defendants to provide a complete and accurate accounting

25 of all the accrued unpaid vacation time to which each Plaintiff and Class Member is entitled;

26      d.     A peremptory writ of mandate ordering Defendants to comply with California

27 Labor Code § 227.3 and to pay each eligible Plaintiff and Class Member for accrued vacation time at

28 the rate that includes Training and Education Achievement Pay, Retention Pay and Terrorism

1    Response Training Pay, plus interest; and

2                    e.     Judgment in accordance herewith.

3         3.     AS TO THE THIRD CAUSE OF ACTION (Violation of San Francisco Civil Service

4    Commission Rule 320.16)

5                    a.     A determination that this action may be maintained as a class action under Rule

6    23 of the Federal Rules of Civil Procedure and notice to the Class Members;

7                    b.     A declaratory judgment that Defendants have violated San Francisco Civil

8    Service Commission Rule 320.16 as to the Plaintiffs and the Class by failing to include Training and

9    Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in payments for

10   accrued vested sick leave;

11                   c.     An Order requiring Defendants to provide a complete and accurate accounting

12   of all the accrued vested sick leave to which each Plaintiff and Class Member is entitled;

13                   d.     A peremptory writ of mandate ordering Defendants to comply with Civil

14   Service Commission Rule 320.16 and to pay each eligible Plaintiff and Class Member for accrued

15   vested sick leave at the rate that includes Training and Education Achievement Pay, Retention Pay and

16   Terrorism Response Training Pay, plus interest; and

17                   e.     Judgment in accordance herewith.

18        4.     AS TO ALL CAUSES OF ACTION

19                   a.     An order that Defendants include Training and Education Achievement Pay,

20   Retention Pay and Terrorism Response Training Pay, as appropriate, in all future lump sum payments

21   for accrued compensatory time in lieu of overtime, vacation time and vested sick leave;

22                   b.     An award to Plaintiffs of reasonable attorneys' fees and the costs of suit

23   incurred herein; and

24                   c.     An award of such other and further relief as this Court deems just and proper.

25   ////

26   ////

27   ////

28   ////

1

## XII.  DEMAND FOR JURY TRIAL

2          Plaintiffs, Class Members and Collective Action Members hereby demand a jury trial on all

3   causes of action and claims with respect to which they have a right to trial by jury.

4                                              McCARTHY, JOHNSON & MILLER
                                               LAW CORPORATION
5

6   Dated:  April 4, 2005              By:  _____/s/ Diane Sidd-Champion_____
                                               DIANE SIDD-CHAMPION
7                                              Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28