DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ANTHONY GRUMBACH, State Bar #195107
RUTH M. BOND, State Bar #214582
Deputy City Attorneys
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3947
Facsimile: (415) 554-4248
Email: anthony.grumbach@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS KELLY, DENNIS KRUGER, ROBERT P. ANDERSON, GEORGE O. BULLWINKEL, STEPHEN C. CHRISTENSEN, FRED J. FEGAN, GERALD L. GREY, THOMAS E. KAZARIAN, FRANK M. KUNST, GARY J. LAVAYSSE, PATRICK H. McLAUGHLIN, DANIEL M. O'DONNELL, ROBERT G. OLLER, HENRY L. RANEY, GEORGE J. RIPOLL, PATRICIA CAULFIELD AND HORTENCE PUCCETTI, Individually and on Behalf of Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO FIRE DEPARTMENT; EDWARD M. HARRINGTON, in his Official Capacity as Controller of the City and County of San Francisco; PHILIP A. GINSBURG in his Official Capacity as Human Resources Director of the City and County of San Francisco; and DOES ONE though FIFTY, inclusive,<br><br>Defendants. | Case No. C 05-1287 SI<br><br>**STIPULATED PROTECTIVE ORDER** |

Case 3:05-cv-01287-SI Document 22 Filed 10/05/05 Page 2 of 11

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1. DEFINITIONS.

(a) Counsel (without qualifier): Outside Counsel or House Counsel (as well as their support staffs).

(b) Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

(c) Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

(d) Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

(e) House Counsel: attorneys who are employees of a Party.

(f) Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

(g) Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel, including their support staff.

(h) Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

////

////

////

(i) Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(j) Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

(k) Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2. SCOPE. This Stipulated Protective Order does not confer blanket protections on all Disclosure or Discovery Material. The protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential, and that are designated as such by the Parties.

3. DESIGNATIONS OF MATERIAL AS CONFIDENTIAL. Any Party may designate documents, files, records or other information as "CONFIDENTIAL." The designation of documents, files, records or other information as "CONFIDENTIAL" shall be used to protect constitutional, statutory, common law and contractual privileges and rights. The material covered by this Order includes not only material designated as "CONFIDENTIAL," but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal material designated as "CONFIDENTIAL."

4. EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL AS "CONFIDENTIAL." The protection afforded by this Stipulated Protective Order extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential. Every Party or non-party that designates documents or information for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations

are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's attention that information or items that it designated for protection do not qualify for protection, that Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5. MANNER AND TIMING OF DESIGNATIONS. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, a Party seeking to designate material as confidential under this Order must do so before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Party producing the document affix the legend "CONFIDENTIAL" at the top of each page that contains material it seeks to protect. If only a portion or portions of the material on a page qualifies for protection, the Party must clearly identify the portions it seeks to protect (e.g., by making appropriate markings in the margins). A Party or non-party that makes original documents or materials available for inspection need not designate them as confidential until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Party producing the documents must determine which documents, or portions thereof, it seeks to protect as confidential, and then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the top of each page. If only a portion or portions of the material on a page qualifies for protection, the Party must identify the portions it seeks to protect (e.g., by making appropriate markings in the margins).

////
////
////
////

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all testimony it seeks to protect. When it is impractical to identify separately each portion of testimony that the Party seeks to protect, and when it appears that substantial portions of the testimony may be designated, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within said 20-day period shall be covered by the provisions of this Order. Transcript pages containing confidential material must be separately bound by the court reporter, who must affix at the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Party, to the extent practicable, shall identify the portion or portions it seeks to protect.

6. INADVERTENT FAILURES TO DESIGNATE. If timely corrected, an inadvertent failure to designate material as "CONFIDENTIAL" does not, standing alone, waive a Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

(a) Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

////

its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue, other forms of communication not being sufficient) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

(c) Judicial Intervention. A Party who decides to challenge a confidentiality designation, after considering the justification offered by the Designating Party, may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. The motion must be accompanied by a competent declaration that affirms that the moving Party has complied with the meet-and-confer requirement set forth in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the material as confidential.

8. USE OF "CONFIDENTIAL" MATERIALS. Documents, files, records or other information designated as "CONFIDENTIAL" shall be used only in the above-entitled litigation for the purpose of this litigation, and only in accordance with the terms of this Stipulated Protective Order. Parties who receive materials designated as "CONFIDENTIAL" must store and maintain those materials at a location and in a secure manner to ensure that access is limited to the persons authorized under this Order.

////

////

9. DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS. Unless ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose materials designated as "CONFIDENTIAL" only to:

(a) the Court and its personnel;

(b) the author of the document or the original source of the information;

(c) the officers, directors, employees, and Counsel of the Receiving Parties, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A, attached hereto);

(d) the officers, directors, and employees, and Counsel of the Designating Parties;

(e) Experts of the Receiving Parties and Experts of the Designating Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A, attached hereto);

(f) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A, attached hereto).

10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION. If a Party who receives materials designed as "CONFIDENTIAL" is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Party who receives material designated as "CONFIDENTIAL" also must immediately inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Party who receives materials designated as "CONFIDENTIAL" must deliver a copy of this Stipulated Protective Order promptly to the person in the other action that caused the subpoena

or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Party that designated the materials as "CONFIDENTIAL" in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Party who receives materials designated as "CONFIDENTIAL" in this action to disobey a lawful directive from another court.

11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, that Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A, attached hereto).

12. <u>FILING PROTECTED MATERIAL</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any material designated as "CONFIDENTIAL." A Party that seeks to file under seal any material designated as "CONFIDENTIAL" must comply with Civil Local Rule 79-5.

13. <u>USE AT TRIAL</u>. In the event any Party desires to use Protected Material as exhibits or to disclose Protected Material to witnesses during trial or pretrial proceedings, such Party shall meet and confer with opposing Counsel to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. If the Parties cannot reach an agreement, the dispute shall be submitted to the Court.

14. <u>DURATION</u>. Even after the termination of the litigation, all documents, files, records and/or other information designated as "CONFIDENTIAL" shall remain confidential until either (1) the Court specifically rules otherwise, including during the period a designation is disputed or a

////

Case 3:05-cv-01287-SI Document 22 Filed 10/04/2005 Page 9 of 11

request to disclose to a person is disputed, or (2) the Party designating the documents, files, records or other information as "CONFIDENTIAL" withdraws that designation in writing.

15. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 14 (DURATION), above.

16. SANCTIONS. If the Court finds that any Party is responsible for the unauthorized disclosure of any Protected Material relating to this lawsuit, the Parties and Counsel may be subject to sanctions.

17. RIGHT TO ASSERT OTHER OBJECTIONS. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

////

////

////

////

18. MODIFICATION OF THIS ORDER. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

IT IS SO STIPULATED:

DENNIS J. HERRERA
City Attorney

Dated: October 4, 2005

By: /s/ Ruth M. Bond
RUTH M. BOND
Deputy City Attorney
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, ET AL.

McCARTHY, JOHNSON & MILLER
LAW CORPORATION

Dated: October 4, 2005

By: /s/ Diane Sidd-Champion
DIANE SIDD-CHAMPION
Attorneys for Plaintiffs
FRANCIS KELLY, ET AL.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ____________________

____________________________________
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
GRANTED
Judge Susan Illston
NORTHERN DISTRICT OF CALIFORNIA

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ________________________________________, of ______________________
[print or type full name]

____________________________________________________________, declare under
[print or type full address]

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District on ____________________
[date]
in the case of *Francis Kelly, et al. v. City and County of San Francisco, et al.*, Case No. C 05-1287 SI. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ______________________________

____________________________________
[City and State]

Printed name: ________________________
[printed name]

Signature: ___________________________
[signature]