E-Filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCIS KELLY, et al.,

    Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

No. C 05-1287 SI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

On November 4, 2005, the Court heard argument on defendants' motion for judgment on the pleadings as to the second and third causes of action. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS defendants' motion as to the second cause of action without prejudice, and DENIES defendants' motion as to the third cause of action.

**BACKGROUND**

Plaintiffs are former uniformed employees of the San Francisco Fire Department ("SFFD") who filed this action concurrently as a class action and a collective action to recover wages in the form of premiums above their standard rate of pay. Plaintiffs claim the premiums – specifically Training and Education Achievement Pay, Retention Pay, and Terrorism Response Training Pay – should have been included in the final paycheck at the time of separation from employment.

A uniformed employee of the SFFD may receive wage premiums that increase the rate of pay, if the employee meets certain qualifications. Upon separation from employment with the SFFD, the employee receives a final paycheck that covers wages for normal hours worked, overtime work, and a

lump sum payout for unused vested sick leave and unused vacation leave. The parties agree that qualified employees who received one or more of the three premiums in question received the premiums in their overtime, vested sick leave and unused vacation leave during the span of their employment but not in the final paycheck. *See* Compl. ¶ 27-29, 31-33; *see also* Ans. ¶ 27-29, 31-33.

Plaintiffs claim that this final lump sum paycheck should have included the premiums, based on the terms of a collective bargaining agreement, known as the Memorandum of Understanding between the City and County of San Francisco and San Francisco Fire Fighters Union Local 798, IAFF, AFL-CIO, July 1 2003 to June 30, 2007, Unit 1 ("MOU"). *See* Grumbach Dec. Ex. B. The MOU provides that a qualified uniformed employee of the SFFD Unit 1 ("employee") shall receive a higher rate of pay than the employee's usual wage when the employee qualifies for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Pay. *See* Grumbach Dec. Ex. B, MOU §§ 24, 29.7, 29.8.

In the first cause of action, plaintiffs allege that defendants failed to compensate them for the premiums in the lump sum payout for overtime hours in violation of the Federal Labor Standards Act. In the second cause of action, plaintiffs allege that defendants failed to compensate them for the premiums in the lump sum payout for unused vacation leave in violation of California Labor Code Section 227.3. In the third cause of action, plaintiffs allege that defendants failed to compensate them for the premiums in the lump sum payout for unused vested sick leave in violation of San Francisco Civil Service Rule 320.16. Plaintiffs bring the latter two causes of action as petitions, seeking writs of mandate under California Civil Procedure Section 1085.

Defendants filed a motion for judgment without leave to amend as to plaintiffs' second and third causes of action. Defendants claim the second cause of action must be resolved through arbitration under the MOU and that therefore plaintiffs are barred from litigating the claim. Defendants also contend that both causes of action are barred because plaintiffs fail to meet the requirements for a writ of mandate due to failure to exhaust administrative remedies. Plaintiffs argue that they are not required to arbitrate their second claim, and that they are not required to exhaust administrative remedies.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such

2

time as to not delay the trial, any party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also* 9 William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial*, § 335 (2005).

For a motion under either rule, the question presented is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In answering this question, the Court must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Courts generally consider matters contained within the scope of the pleadings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Courts may also consider material properly submitted and/or specifically referred to in the pleadings, and may take judicial notice of matters of public record. *See id.; see also Hal Roach Studios, Inc., v. Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). If other matters are presented to and not excluded by the Court, then the motion shall be treated as one for summary judgment.[1] *See* Fed. R. Civ. P. 12(c); *see also Lee*, 250 F.3d at 688; *Hal Roach Studios*, 896 F.2d at 1550.

## DISCUSSION

**1. The claims asserted in the Second Cause of Action must be arbitrated**

In the second cause of action, plaintiffs allege that defendants violated California Labor Code

---

[1] Defendants submitted five exhibits with their motion. *See* Grumbach Dec. Ex. A-E. Plaintiffs request that the Court review defendants' motion as one for summary judgment because they claim Exhibit E contains documents not in the public record. The Court's analysis, however, does not require examining these documents. Defendants' remaining exhibits contain public record documents. Exhibit A contains the first amended complaint, filed with this court on April 4, 2005. Exhibit B contains the MOU. Exhibit C contains excerpts from the San Francisco Civil Service Commission Rules. Exhibit D contains a portion of the Charter of the City and County of San Francisco, Section A8.440, Annual Vacations of Employees. The Court finds that the documents in Exhibits A-D are public records and takes judicial notice of these documents.

Plaintiffs also submitted excerpts from the San Francisco Civil Service Commission Rules. *See* Sid-Champion Declaration Ex.1. The Court finds that the documents in Exhibit 1 are public records and takes judicial notice.

3

Section 227.3[2] which requires that lump sum payments of vacation pay upon separation be compensated at the "final rate of pay." Defendants contend that they did reimburse plaintiffs at the "final rate of pay," because it should be defined as the employee's usual wage rate excluding any premiums.

The MOU contains various provisions concerning vacation pay and concerning premiums, but the MOU does not explicitly provide whether any of the three premiums were to be included in vacation pay.[3] The MOU also states that parties must use a grievance procedure that includes arbitration of "any dispute over the applicability or interpretation of this Agreement, including the arbitrability thereof." *See* Grumbach Decl Ex. B, MOU §48.1.

Defendants claim that the parties intended under the MOU to exclude premiums in vacation lump sum payments. The parties dispute whether the Court is required to interpret the MOU to resolve the second cause of action, and relatedly whether it should or should not be arbitrated. The Court, however, does not reach those arguments, because an arbitrator, not the Court, must determine whether the claim is arbitrable. *See United Broth. of Carpenters and Joiners of America, Local No. 1780 v. Desert Palace, Inc.*, 94 F.3d 1308, 1310-12 (9th Cir. 1996).

In *Desert Palace*, the employer claimed a wage dispute was not arbitrable because the wages in question involved a type of work not specifically discussed in the collective bargaining agreement. *See id.* at 1310. The employer also claimed that the dispute concerning whether arbitration was required did not need to be determined by the arbitrator. *See id.* The Ninth Circuit disagreed, noting that the

---

[2] California Labor Code Section 227.3 provides: "Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness."

[3] The MOU provides that the three premiums, Training and Education Achievement Pay, Retention Pay, and Terrorism Response Training Pay, were to be added to certain benefits and pay, including overtime pay and calculations for retirement and benefits. *See* Grumbach Dec. Ex. B, MOU §§ 24.3, 29.7, 29.8. The MOU did not explicitly provide that any of the three premiums were to be included in vacation pay. *See id.; see also id.* at § 19. The parties agree, however, that the three premiums were included in vacation pay when taken prior to separation, but not in the lump sum payments. *See* Compl. ¶ 28, 31; *see also* Ans. ¶ 28, 31.

4

arbitration clause contained in the collective bargaining agreement was quite broad. *See id.* The agreement contained a clause that required all disputes "regarding the interpretation or application of the provisions of the Agreement" to be submitted to the arbitrator. *See id.* The Ninth Circuit held that in the labor context such a broad agreement to arbitrate also requires the arbitration of disputes concerning arbitrability. *See id.* Thus, even in the absence of an explicit arbitrability clause, a broad labor arbitration clause implicitly requires that an arbitrator must resolve disputes concerning whether the parties are required to arbitrate the matter. *See id.* at 1312.

Here, the arbitration clause in the MOU is not only as broad as that in *Desert Palace*, it also explicitly requires arbitration of disputes regarding arbitrability. The MOU provides that parties must use a grievance procedure that includes arbitration, for "any dispute over the applicability or interpretation of this Agreement, including the arbitrability thereof." *See* Grumbach Decl Ex. B, MOU §48.1; *see also Desert Palace*, 94 F.3d at 1310. The MOU also contains a clause that provides that "[a]ny and all disputes over the arbitrability of an asserted grievance shall be decided by an arbitrator." *See* Grumbach Dec. Ex. B, MOU §48.6. The Court finds that the MOU contains a broad and explicit agreement that requires all disputes as to arbitrability to be determined by an arbitrator. Therefore, in the first instance the Court holds that the parties' current dispute as to whether the claim must be arbitrated must be decided by an arbitrator.

Plaintiffs contend that to pursue the grievance procedure would be futile because as individual former union members they do not have access to the grievance process.[4] The MOU provides that an individual union member may file and advance grievances without San Francisco Fire Fighters Union Local 798 ("Local 798"), so long as Local 798 agrees. *See* Grumbach Dec. Ex. B, MOU § 48.2. However, the MOU does not provide details concerning former members of the union. *See generally* Grumbach Dec. Ex. B, MOU § 48. Notwithstanding plaintiffs' contention, it is possible for a former

---

[4] Plaintiffs also claim that arbitration is barred because the second cause of action arises under California Labor Code Section 227.3. Contrary to plaintiffs' argument, arbitration of statutory claims is only barred when the statute at issue provides non-negotiable rights: Section 227.3 does not explicitly confer non-negotiable rights. *See* Cal. Labor Code § 227.3; *see also Plumbing, Heating and Piping Employers Council of Northern California v. Howard*, 53 Cal. App. 3d 828, 834-36 (1975) (holding that statutory and legislative intent under a similarly worded provision indicate that claims are not precluded from arbitration).

5

union member to be entitled to use grievance procedures under a collective bargaining agreement between the employer and the union. *See United Firefighters of Los Angeles v. City of Los Angeles et al.*, 231 Cal. App.3d 1576, 1584 (1991). Moreover, this issue goes to arbitrability, a matter that is not in the province of the Court. *See Desert Palace*, 94 F.3d at 1310. The Court concludes that this issue must be determined within arbitration.

Accordingly, the second cause of action is DISMISSED WITHOUT PREJUDICE.

**2.    Plaintiffs need not further exhaust administrative remedies on the Third Cause of Action**

In the third cause of action, plaintiffs allege that defendants violated a San Francisco Civil Service Commission Rule ("Rule") by failing to compensate them for the premiums in the lump sum payout for unused vested sick leave in violation. Plaintiffs point specifically to Rule 320.16, which includes the general provisions for lump sum payout for unused vested sick leave.

Plaintiffs bring the third cause of action as a petition for writ of mandate under California Code of Civil Procedure Section 1085. Defendants contend that plaintiffs have failed to use the City's grievance procedure and thus have failed to exhaust their administrative remedies.

In California, writ of mandate under Section 1085 is the proper means to obtain judicial review of public administrative decisions generally, *see Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1168 (N.D. Cal., 2003), and exhaustion of administrative remedies is generally a prerequisite to the Court's jurisdiction. However, exhaustion is not required if there is no effective administrative remedy. *See Blanchard v. Morton School Dist.*, 420 F.3d 918, 920 (9th Cir. 2005); *see also Endangered Habitats League*, 63 Cal. App. 4th at 238.

Plaintiffs contend that there were no administrative remedies to exhaust, and thus there is no jurisdictional bar to this cause of action. The Court agrees. Plaintiffs filed their claim under Rule 320.16, which does not explicitly provide a right to appeal decisions concerning vested sick leave. *See* Grumbach Dec. Ex. C. Instead, Rule 320 provides that appeals of decisions under that section's rules are limited to situations where the appeal right is specifically granted in that rule. *See* Sid-Champion Dec. Ex C. Under Rule 320.16 there is no explicit provision for an appeal, and thus plaintiffs appear to be correct that there is no administrative remedy to challenge decisions under Rule 320.16.

6

Defendants contend that although Rule 320.16 does not explicitly provide an administrative remedy, plaintiffs should have filed a grievance pursuant to Rule 305, Meetings and Hearings of the Commission, specifically under Rule 305.12.4, "Other Matters, Meetings and Hearings." Rule 305.12.4 provides:

> An action by the Human Resources Director on other matters or an action of the Executive Officer on a matter under the Executive Officer's jurisdiction may be appealed to the Commission provided such appeal is received by the Executive Officer within thirty (30) calendar days following the postmarked mailing date of notification to the appellant. The Commission's action on the appeal shall be final and no reconsideration request shall be allowed.

Grumbach Dec. Ex. C. Defendants contend that plaintiffs were required to challenge the "action" of excluding the premiums from their final paychecks by filing an appeal with the Civil Service Commission.

Plaintiffs argue, with considerable persuasive force, that the plain language of Rule 305.12.4 simply does not cover the factual situation plaintiffs faced. There was no "postmarked mailing date of notification" – plaintiffs just received their checks. Defendants claim that the final paychecks themselves constituted "notification" that defendant Human Resources Director had, at some undisclosed time in the past for some undisclosed reason, made the unarticulated decision to exclude premiums from plaintiffs' vested sick leave; and that the 30 day time to appeal ran from the time the final check was handed over. If this were so – which the Court does not believe it to be – then the Court would further conclude that such "notification" was insufficient. Under any ordinary understanding of what "notification" might mean, a paycheck hardly provides a clear notification that an appealable decision has been made by the Human Resources Director to exclude premiums from vested sick leave, nor does it provide clear notification that an appeal right thus has been triggered. *See Endangered Habitats League,* 63 Cal. App. 4th at 238 (where plaintiff received insufficient notice of the appeal right, the requirement to appeal was not triggered).

The Court finds that there was no adequate administrative remedy and thus the requirement to exhaust administrative remedies does not apply. Accordingly the Court hereby DENIES defendants' motion with respect to the third cause of action.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion for judgment on the pleadings on the second cause of action and DISMISSES that cause of action WITHOUT PREJUDICE, and DENIES the motion for judgment on the pleadings on the third cause of action. [Docket No. 17].

**IT IS SO ORDERED.**

Dated: November 19, 2005

SUSAN ILLSTON
United States District Judge