E-Filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCIS KELLY, et al., individually and on behalf of others similarly situated,

    Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

No. C 05-1287 SI

**ORDER GRANTING MOTION TO CERTIFY CLASS**

Plaintiffs' motion for class certification came on regularly for hearing on November 18, 2005. Having carefully considered the pleadings and papers on file, and the arguments of counsel, the Court GRANTS the motion in the respects and for the reasons set out below.

## BACKGROUND

Plaintiffs are former uniformed employees of the San Francisco Fire Department ("SFFD") who filed this action concurrently as a class action and a collective action to recover wages in the form of premiums above their standard rate of pay. Plaintiffs claim the premiums should have been included in the final paycheck at the time of separation from employment.

A uniformed employee of the SFFD who meets certain qualifications may receive wage premiums that increase the rate of pay. Upon separation from employment with the SFFD, the employee receives a final paycheck that covers wages for normal hours worked, overtime work, and a lump sum payout for unused vested sick leave and unused vacation leave. The parties agree that qualified employees who received one to three of the premiums in question (Training and Education Achievement Pay, Retention Pay, and Terrorism Response Training Pay) received the premiums in their overtime,

vested sick leave and unused vacation leave during the span of their employment but not in the final paycheck. *See* Compl. ¶ 27-29, 31-33; *see also* Ans. ¶ 27-29, 31-33. The parties dispute whether the three premiums should have been included in these three types of pay in the final paycheck.

On April 4, 2005, plaintiffs filed their first amended complaint. In the first cause of action plaintiffs allege that defendants failed to compensate them for the premiums in the lump sum payout for overtime hours in violation of the Federal Labor Standards Act. In the second cause of action plaintiffs allege that defendants failed to compensate them for the premiums in the lump sum payout for unused vacation leave in violation of California Labor Code section 227.3. In the third cause of action plaintiffs allege that defendants failed to compensate them for the premiums in the lump sum payout for unused vested sick leave in violation of San Francisco Civil Service Rule 320.16. Plaintiffs bring the latter two claims as petitions, seeking writs of mandate under California Civil Procedure section 1085.[1]

As to the first cause of action, plaintiffs do not request class certification. Potential plaintiffs are being provided notice and the opportunity to opt in to the suit under the first claim because the parties stipulated to a Notice to Potential Opt-In Plaintiffs Right to Participate in the Fair Labor Standards Act Lawsuit, filed on October 13, 2005. The stipulation was entered by the Court in an order dated October 17, 2005. *See* Order, Docket 37. Plaintiffs filed a Sixth Notice of Filing Consent to Join Forms on November 14, 2005, indicating that as of that date 157 of an estimated 300 potential plaintiffs have chosen to opt in. *See* Pls. Notice, Docket 56.

---

[1] Plaintiffs request several types forms of relief but monetary damages are a significant form of relief sought under all claims. Similar to the other claims, plaintiffs seek the following relief under the third cause of action: (1) A declaratory judgment that defendants have violated San Francisco Civil Service Commission Rule 320.16 as to the Plaintiffs and the Class by failing to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay in payments for accrued vested sick leave; (2) an order requiring defendants to provide a complete and accurate accounting of all the accrued vested sick leave to which each plaintiff is entitled; (3) a peremptory writ of mandate ordering defendants to comply with Civil Service Commission Rule 320.16 and to pay each eligible plaintiff for accrued vested sick leave at the rate that includes Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay, plus interest; (4) an order that Defendants include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay, as appropriate, in all future lump sum payments for accrued compensatory time in lieu of overtime, vacation time and vested sick leave; and (5) an award to Plaintiffs of reasonable attorneys' fees and the costs.

2

On October 17, 2005, plaintiffs filed the motion for certification of the class action for the second and third claims pursuant to Federal Rule of Civil Procedure 23. As to the second cause of action, the issue of certification is moot. The Court will be granting judgment on the pleadings as to the second claim without prejudice. As to the third cause of action, the claim is based on undisputed facts concerning the exact same conduct by defendants toward all proposed class representatives and potential class members. According to defendant City, this conduct is based on its policy to exclude premiums from the lump sum payment of unused vested sick leave upon separation from employment. Plaintiffs claim that class certification is appropriate under Federal Rule of Civil Procedure 23. Defendants claim that class certification is barred under the third claim because of defendants' plan to invoke the equitable defense of laches against most class representatives and some class members.

## LEGAL STANDARD

The decision as to whether to certify a class is committed to the discretion of the district court within the guidelines of Federal Rule of Civil Procedure 23. *See* Fed. R. Civ. P. 23; *see also Cummings v. Connell*, 316 F.3d 886, 895 (9th Cir. 2003). A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Federal Rule of Civil Procedure 23(b) have been met. *See* Fed. R. Civ. P. 23; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

A plaintiff must also establish that one or more of the grounds for maintaining the suit are met under Rule 23(b), including (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common

3

questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b).

In determining the propriety of a class action, the question is not whether the plaintiffs have stated a cause of action or will prevail on the merits, but, rather, whether the requirements of Rule 23 are met. *See Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). The Court is obliged to accept as true the substantive allegations made in the complaint. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982); *see also Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975); *Burton v. Mountain West Farm Bureau Mut. Ins. Co.*, 214 F.R.D. 598, 608 (D. Mont. 2003). Therefore the class order is speculative in one sense because the plaintiff may not be able to later prove the allegations. *See Blackie*, 524 F.2d at 901 n.17. However, although the Court may not require preliminary proof of the claim, it "need not blindly rely on conclusory allegations which parrot Rule 23 requirements. Courts may also consider the legal and factual issues presented by plaintiff's complaint." 2 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, 7.26 (4th ed. 2005). Sufficient information must be provided to form a reasonable informed judgment on each of the requirements of Fed. R. Civ. P. 23. *See Blackie*, 524 F.2d at 901 n.17. In order to safeguard due process interests and the judicial process, the Court conducts an analysis that is as rigorous as necessary to determine whether class certification is appropriate. *See Chamberlan,* 402 F.3d 952, 961 (9th Cir. 2005); *see also Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

## DISCUSSION

The Court may certify a proposed class if plaintiffs demonstrate that all prerequisites under Rule 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met. *See* Fed. R. Civ. P. 23; *see also Valentino*, 97 F.3d at 1234. Plaintiffs claim that the proposed class meets all

4

certification requirements under both Rule 23(a) and Rule 23(b). Defendants do not dispute that the numerosity requirement of Rule 23(a) has been met, but claim that the latter three Rule 23(a) requirements of commonality, typicality and adequate representation have not been met. Defendants also contend that class certification is inappropriate under Rule 23(b)(3).

### 1.     Laches defense

Defendants' sole argument against certification under each of these provisions is that defendants plan to assert the equitable affirmative defense of laches[2] against many plaintiffs based on a delay in filing the third claim, which was filed as a writ of mandate under California Civil Code section 1085. Defendants claim that proof of laches will raise individual questions which will undermine commonality and typicality, will adversely impact the representative plaintiffs' ability to represent the class, and will predominate over common class questions.

To the extent that the parties in their papers raise substantive issues concerning the laches defense, such issues go to the merits of the case and will not be resolved at this point. *McCune v. F. Alioto Fish Co.*, 597 F.2d 1244, 1249 (9th Cir. 1979); *see Staton*, 327 F.3d at 954; *see also Eisen*, 417 U.S. at 177-78. For present purposes, the Court addresses defendants' laches defenses only to determine whether proof of such defenses would skew the focus away from the issues concerning the class action. *See State of Alaska.*, 123 F.3d at 1321.

The Court finds that no authority for defendants' claim that each element of the laches analysis

---

[2] Laches is an affirmative defense that can bar relief when a plaintiff delays prosecuting a claim challenging an administrative decision, if the delay is shown to be unwarranted and shown to have caused prejudice to the defendant. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001); *see also Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 68 (2000); *Barndt v. County of Los Angeles*, 211 Cal. App. 3d 397, 403 (2nd Dist. 1989). Defendants plan to utilize the laches defense, claiming some plaintiffs separated from employment years prior to filing this action. Defendants claim that therefore class certification is barred because at trial the fact-finder will be required to make laches determinations in a case-by-case analysis.

will require a fully individualized inquiry. The cases cited by defendants merely involved a laches analysis concerning an individual plaintiff. *See Hopson v. Nat'l Union of Marine Cooks and Stewards,* 116 Cal. App. 2d 320. 325, 326 (1st Dist. 1953); *see also Lewis v. Superior Court of Los Angeles County,* 261 Cal. App. 2d 736, 740 (1968). Here, common evidence will be almost certainly be involved in the laches analysis. For example, determinations regarding undue delay in filing the claim, and whether the City was prejudiced by any such delay, can be presented categorically. At most, determinations concerning undue delay will involve both common and individualized inquiry concerning both the length of the delay and the reasons for it. *See Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 951 (9th Cir. 2001); *see also Barndt v. County of Los Angeles,* 211 Cal. App. 3d 397, 403 (2nd Dist. 1989). Unique affirmative defenses that require some individualized inquiry do not present a per se bar to certification. *See Cavanaugh,* 306 F.3d 726, 741(9th Cir. 2002); *see also Hanlon,* 150 F.3d 1011, 1019 (9th Cir. 1998); *Local Joint Executive Bd.,* 244 F.3d 1152, 1163 (9th Cir. 2001). Instead, courts consider each of the criteria under Rule 23 in light of whether the common facts and issues that unite the class are overshadowed by the use of unique affirmative defenses. *See State of Alaska,* 123 F.3d at 1321; *see also Cavanaugh,* 306 F.3d at 741; *Hanlon,* 150 F.3d at 1019; *Local Joint Executive Bd.,* 244 F.3d at 1163.

### 2. Requirements under Federal Rule of Civil Procedure 23(a)

All proposed classes must satisfy the four requirements of Rule 23(a).

#### a. Numerosity – Rule 23(a)(1)

The first requirement for class certification under Rule 23(a) is that the class must be so numerous that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). The requirement depends on the practicality of joinder in light of the facts and circumstances of each case, and does not

provide a required minimum number of class members. *See id.; see also Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).

Defendants do not dispute that the numerosity requirement has been met. It is also undisputed that the size of the proposed class is approximately 300 former uniformed employees of the SFFD. *See* Pls. Mot. at 4. The Court finds that joinder of up to 300 plaintiffs would impose practical difficulties and that therefore the proposed class meets the numerosity requirement under Fed. R. Civ. P. 23(a)(1).

### b.      Commonality – Rule 23(a)(2)

Class certification requires that questions of law or fact exist that are common to all class members and representatives. *See* Fed. R. Civ. P. 23(a)(2); *see also Hanlon*, 150 F.3d at 1019 (9th Cir. 1998). The parties agree that as a result of defendant City's policy defendants excluded premiums in the lump sum payout for unused vested sick leave. Plaintiffs claim that therefore defendants violated the San Francisco Civil Service Rules.

Defendants do not dispute common legal and factual issues exist as to the claim, relying instead on the claimed need to try laches individually. The Court finds that the third claim is based on allegedly uniform conduct originating from defendant City's policy as a violation of the Civil Service Rules, thereby uniting the class in issues of both law and fact. For the reasons previously discussed, the Court finds the laches inquiry involves common issues of law and will necessarily involve some common evidence as well. The Court finds that the laches inquiry does not negate commonality and that the requirements under Rule 23(a)(2) have been met.

### c.      Typicality – Rule 23(a)(3)

Under Rule 23(a)(3), the Court must find that "the claims **or** defenses of the representative parties are typical of the claims or defenses of the class." *See* Fed. R. Civ. P. 23(a)(3) (emphasis added).

7

The requirements of typicality and commonality tend to overlap. *See Gen. Tel. Co.*, 457 U.S. at 158 n.13. ("Both serve as guideposts . . . as to whether under the particular circumstances the maintenance of the class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.").

Defendants do not dispute the typicality of the claims, but rather the typicality of the defenses, raising again the laches argument and claiming that the laches analysis would "usurp a significant portion of the litigants' time and energy." *See McNichols' v. Loeb Rhoades & Co.*, 97 F.R.D. 331, 334 (N.D. Ill. 1982). The issue is not whether there are individual issues of fact or law, but whether the proposed representatives have interests typical to those of the class members so that they will sufficiently pursue the class members' interests at trial. *See Gen. Tel. Co.*, 457 U.S. at 158 n.13. Defendants cite cases where the proposed representatives' interests differed significantly from the class members. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (typicality requirement not met in securities fraud action due to the proposed representative plaintiff's sophistication concerning securities market as compared to all class members); *see also Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1163-65 (typicality requirement not met because two named plaintiffs, but no class members, were subject to a unique defense); *McNichols*, 97 F.R.D. at 334 (claims **and** defenses of the named plaintiffs were atypical of claims and defenses of class members). Here, the proposed representatives' interests in litigating liability are typical of all class members. As to laches, defendants plan to assert the defense against many plaintiffs, including most representatives and some class members. Thus the Court finds that it will be in the representatives' interests to litigate strongly against the defense and that therefore the requirements under Rule 23(a)(3) have been met.

### d.     Adequate representation – Rule 23(a)(4)

The representation requirement is meant to assure that the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)(4). Constitutional due process concerns require that absent class members be afforded adequate representation. *See Hanlon*, 150 F.3d at 1020. Such representation is determined by an absence of conflict of interests, and the indication that the named plaintiffs and their counsel will prosecute the action fully on behalf of the interests of the class. *See id.*

Defendants do not dispute the competency of class counsel under Rule 23(a)(4) and do not challenge plaintiffs' claim that class counsel will fairly and adequately protect the interests of the class. Defendants do contend that representative plaintiffs cannot adequately represent the proposed class because they, more than the unnamed plaintiffs, will be subject to the unique defense of laches. However, defendants again rely on cases that differ materially from the present case. *See Hanon*, 976 F.2d 508 (9th Cir. 1992) (named plaintiff sophisticated concerning securities market as compared to all class members); *see also Koos*, 1163-65 (representative plaintiffs subject to unique defense no class members were subject to such a defense). The Court finds that the adequacy of representation requirement has been met under Rule 23(a)(4).

### 3.     Requirements under Rule 23(b)

In addition to the requirements under Rule 23(a), a plaintiff must also establish that under Rule 23(b) one or more of the grounds for maintaining the suit are met, including that (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate and the class action is superior to other available methods of adjudication. *See* Fed. R. Civ. P. 23(b).

Plaintiffs claim that certification is appropriate under all of the provisions of Rule 23(b).

9

Defendants in their papers do not reply concerning Rule 23(b)(1) or Rule 23(b)(2), but argue that class certification is barred under Rule 23(b)(3). For the following reasons, the Court finds that certification is appropriate under Rule 23(b)(3).

Class certification under Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *See* Fed. R. of Civ. P. 23(b)(3). The provision provides a non-exhaustive list of factors to be considered concerning the predominance inquiry:

> The matters pertinent to the finding include: (A) the interest of members of the class in individually controlling the prosecution of defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

The Court finds that none of these factors under Rule 23(b)(3) weigh against class certification. The class members' interests do not appear to be better served by litigating separate actions. No class member has expressed a desire to proceed individually and no individual actions are now pending. To date, 157 of the estimated 300 potential plaintiffs have opted in to the collective action under the first claim. *See* Notice, Docket 56. In addition, if plaintiffs do not proceed as a class, they may be unable to litigate their claims individually because of the disparity between litigation costs and what plaintiffs hope to recover.[3] *See Local Joint Executive Bd.*, 244 F.3d at 1163; *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985). Thus it appears to be in the interest of the plaintiffs to concentrate the claims in the class action.

The Court finds that no unusual obstacles would make managing the class particularly difficult.

---

[3] For example, plaintiffs allege that if relief were granted plaintiff Francis Kelly would receive $2,795.3. *See* Kelly Dec. ¶ 7 Plaintiff Dennis Kruger would receive $3,751.35. *See* Kruger Dec. ¶ 7. Plaintiff Philip Kelber would receive $3,515,96. *See* Kelber Dec. ¶ 8. Plaintiff Joseph Moriarty would receive $2,036.70. *See* Moriarty Dec. ¶ 8.

Thus the Court finds that based on the factors that guide the inquiry under Rule 23b(3), class certification is appropriate.

Defendants contend that certification under Rule 23(b)(3) is inappropriate because of their intent to assert a laches defense. However, the predominant inquiry at trial will be whether defendant City's policy violated its own Civil Service Rules, and for the foregoing reasons stated above, any laches inquiry will likely involve both common evidence and individual evidence. Thus the Court finds that any inquiry concerning individual plaintiffs will be secondary to the inquiry involving common issues of fact and law, and that certification of the proposed class is appropriate under Rule 23(b)(3).

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiffs' motion for class certification as to the second cause of action as moot and GRANTS plaintiffs' motion for class certification as to the third cause of action, pursuant to Rule 23(b)(3). [Docket No. 25]. The parties are ordered to meet and confer concerning a form of class notice, and a plan for providing same to the class members, and present their suggestions to the Court in a joint statement to be filed no later than **December 5, 2005**.

**IT IS SO ORDERED.**

DATED: November 1C, 2005

SUSAN ILLSTON
United States District Judge

11