1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   ELIZABETH S. SALVESON, State Bar # 83788
    Chief Labor Attorney
3   JONATHAN C. ROLNICK, State Bar #151814
    RUTH M. BOND, State Bar #214582
4   Deputy City Attorneys
    Fox Plaza
5   1390 Market Street, 5th Floor
    San Francisco, California 94102-5408
6   Telephone:    (415) 554-3815
    Facsimile:    (415) 554-4248
7   Email:        jonathan.rolnick@sfgov.org

8   Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO, et al.
9

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12  FRANCIS KELLY, DENNIS KRUGER,          Case No. C 05-1287 SI
    ROBERT P. ANDERSON, GEORGE O.
13  BULLWINKEL, STEPHEN C.
    CHRISTENSEN, FRED J. FEGAN,            STIPULATION AND [PROPOSED]
14  GERALD L. GREY, THOMAS E.              ORDER EXTENDING DEADLINES
    KAZARIAN, FRANK M. KUNST,              AND REVISING NOTICES
15  GARY J. LAVAYSSE, PATRICK H.           REGARDING CLASS SETTLEMENT
    McLAUGHLIN, DANIEL M.
16  O'DONNELL, ROBERT G. OLLER,
    HENRY L. RANEY, GEORGE J.
17  RIPOLL, PATRICIA CAULFIELD AND
    HONORA PUCCETTI, Individually and
18  on Behalf of Others Similarly Situated,

19          Plaintiffs,

20      vs.

21  CITY AND COUNTY OF SAN
    FRANCISCO; SAN FRANCISCO FIRE
22  DEPARTMENT; EDWARD M.
    HARRINGTON, in his Official Capacity
23  as Controller of the City and County of
    San Francisco; PHILIP A. GINSBURG, in
24  his Official Capacity as Human Resources
    Director of the City and County of San
25  Francisco; and DOES ONE through
    FIFTY, inclusive,
26
            Defendants.
27

28

    REQUEST TO EXTEND DEADLINES - CASE NO. 05-        1        f:\work\dsc\kelly stipulation.doc
    1287 (SI)

1   The parties, through their counsel, hereby stipulate and request an order (1) setting new

2   deadlines relating to the proposed Settlement and (2) approving Amended Notices to class

3   members.

4   **I.    SCHEDULING CHANGES**

5   First, the Parties request that the Court enter an order setting a deadline of May 13, 2008 for

6   Defendants to send out amended notices to settlement class members ("Amended Notices").

7   Defendants represent that they sent out notices on April 21, 2008, as provided for in this

8   Court's previous scheduling order. Defendants further represent that after the notices went out,

9   Defendants became aware of certain errors in the calculations of payments due settlement class

10  members that were caused by an error (hidden cells) in the Excel spreadsheet used to calculate the

11  amounts and that, as a result, the notices stated incorrect estimates of what each class member

12  would be paid under the proposed settlement.

13  Defendants further represent that on Friday, April 24, 2008, the City sent class members a

14  letter notifying them that the notices sent on April 21 contained some incorrect information and

15  informing them that they would receive amended notices soon. Defendants state that the City is

16  working diligently to correct the calculating error and Notices. Defendants believe that a deadline

17  of May 13, 2008 will allow sufficient time to correct, check and send out the Amended Notices.

18  Second, because of the delay in sending out accurate notices, the parties also request that the

19  Court continue the date for the final settlement hearing, and the hearing on Class Counsel's motion

20  for attorneys' fees from July 11, 2008 to August 8, 2008. The parties jointly request that the

21  deadlines for objecting to the settlement and opting out of the vacation and/or vested sick leave

22  claims be moved from June 5 to June 27, 2008. The parties further jointly request that the deadline

23  for opting in to the compensatory time off claim be moved to July 14, 2008.

24  Finally, the parties jointly request that the hearing on the City's Motion to Exclude Certain

25  Deputy Chiefs from Final Settlement be continued from May 30, 2008 to June 20, 2008 at 9:00 a.m.

26

27

28

REQUEST TO EXTEND DEADLINES - CASE NO. 05-        2              f:\work\dsc\kelly stipulation.doc
1287 (SI)

## II.    REVISED NOTICES

It has come to the parties' attention that the Notices approved by the Court do not include instructions regarding releases of claims. The Settlement Agreement, at paragraph 37, provides, in pertinent part:

> The City will distribute the Settlement Amount upon Final Judicial Approval and upon receipt of signed Releases of Claims from members of the Settlement Class required to sign such a release. No member of the Settlement Class shall receive any payment from the Settlement Amount until the City has received a signed Release of Claims from that member of the Settlement Class.

However, the Notices are silent about releases. The parties propose that the Notices be revised to include instructions about executing and returning releases. The proposed revisions are as follows:

(1) Under the section in the Notice in Exhibit A titled "YOU NOW HAVE THESE OPTIONS," the paragraph regarding Option 1 would be revised as follows (revisions appear in italics):

> Option 1.    **Do Nothing *except sign Release of Claims*:** If you do nothing, you will remain eligible to receive your share of the settlement funds for the three claims for compensatory time off in lieu of overtime compensation, vested sick leave, and accrued vacation pay, ***provided that you execute and return a Release of Claims, as explained below.*** As explained above, all claims that were or could have been brought on your behalf in the lawsuit will be completely settled and forever discharged and released. You will not be able to bring such claims in the future.

(2) Under the section in the Notices in Exhibit B and C entitled "YOU NOW HAVE THESE OPTIONS," the paragraph regarding Option 2 would be revised as follows (revisions appear in italics):

> Option 2.    **Do Nothing *except sign Release of Claims*:** If you do nothing, you will remain eligible to receive your share of the settlement fund for the vested sick leave and accrued vacation pay claims, ***provided that you execute and return a Release of Claims, as explained below.*** All claims that were or could have been brought on your behalf in the lawsuit arising out of or related to your lump sum payments for vested sick leave and accrued vacation pay will be completely settled and forever discharged and released. You will not be able to bring such claims in the future.

(3) Under the section in the Notice in Exhibit D entitled "YOU NOW HAVE THESE OPTIONS," the paragraph regarding Option 1 would be revised as follows (revisions appear in italics):

> Option 1.  **Do Nothing *except sign Release of Claims***:  If you do nothing, you will be eligible to receive your share of the settlement fund for the accrued vacation pay claim, *provided that you execute and return a Release of Claims as explained below.*  All claims for accrued vacation pay that were or could have been brought on your behalf in the lawsuit arising out of or related to your lump sum payment for accrued vacation pay will be completely settled and forever discharged and released. You will not be able to bring such claims in the future.  If you do nothing, you will not receive any payment for compensatory time off in lieu of overtime.

(4) In the Notices in Exhibits A, B, C and D, add a section just before the section entitled "HOW TO FIND OUT MORE" as follows:

> **TO RECEIVE PAYMENT UNDER THE SETTLEMENT:**
>
> In order to receive payment under this settlement, you must execute and return to the City the enclosed Release of Claims promptly, and no later than 60 days following the final settlement hearing, which is now scheduled for August 8, 2008.  The release should be sent to:
>
> City and County of San Francisco
> c/o Ruth M. Bond
> Deputy City Attorney
> Fox Plaza
> 1390 Market Street, 5th Floor
> San Francisco, California 94102-5408
>
> Please note that **YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT AMOUNT UNLESS AND UNTIL THE CITY HAS TIMELY RECEIVED YOUR SIGNED RELEASE OF CLAIMS.**

Copies of the proposed Amended Notices are attached to this Stipulation as Exhibits A, B, C and D.

**III.    SUMMARY**

The parties stipulate and request that the Court enter an order as follows:

(1) Deadline for defendants to send out Amended Notices to Class Members:  May 13, 2008

(2) Final Settlement Hearing continued from July 11, 2008 to August 8, 2008 at 9:00 a.m.

(3) Hearing on the merits of Class Counsel's motion for attorneys' fees continued from July 11, 2008 to August 8, 2008 at 9:00 a.m.

REQUEST TO EXTEND DEADLINES - CASE NO. 05-1287 (SI)                4                f:\work\dsc\kelly.stipulation.doc

(4) Last date to file objections to settlement: June 27, 2008 (to be extended if Notice is sent to multiple addresses)

(5) Last date to opt in to FLSA claim: July 14, 2008 (to be extended if Notice is sent to multiple addresses)

(6) Last date to opt out of vested sick leave and/or vacation pay claim: June 27, 2008 (to be extended if Notice is sent to multiple addresses)

(7) The Notices, filed with the Court on March 20, 2008 as exhibits to the Declaration of Diane Sidd-Champion in Support of Final Approval of Class Settlement, are revised to reflect the June 27, 2008 date for objecting to the Settlement and opting out of the vested sick leave and/or vacation pay claims, the July 14, 2008 date for opting in to the FLSA claim, and the August 8, 2008 date for the final settlement hearing and the hearing on the motion for attorneys' fees, as well as the new language relating to Releases of Claims.

(8) Hearing on the City's Motion to Exclude Certain Deputy Chiefs From Final Settlement continued from May 30, 2008 to June 20, 2008 at 9:00 a.m.

Respectfully submitted,

Dated: May 6, 2008

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
JONATHAN ROLNICK
RUTH M. BOND
Deputy City Attorneys

By: _____
RUTH M. BOND

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO FIRE DEPARTMENT,
EDWARD M. HARRINGTON, and
PHILIP A. GINSBURG

REQUEST TO EXTEND DEADLINES - CASE NO. 05-1287 (SI)                5                f:\work\dsc\kelly stipulation.doc

1    Dated: May 6, 2008

2                                McCARTHY, JOHNSON & MILLER
                                 LAW CORPORATION
3

4                                By: *Diane Sidd-Champion*

5                                   DIANE SIDD-CHAMPION

6                                Attorneys for Plaintiffs
                                 FRANCIS KELLY, et al.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST TO EXTEND DEADLINES - CASE NO. 05-          6               f:\work\dsc\kelly stipulation.doc
1287 (SI)

[PROPOSED] ORDER

The parties have requested a deadline for Defendants to send Amended Notices to the Settlement Class. The parties also request an extension of the deadlines for: (1) opting out of the vacation pay and/or vested sick leave claims, (2) opting in to the compensatory time off claim and (3) objecting to the settlement, and (4) the date of the final settlement hearing and the hearing on Class Counsel's motion for attorneys' fees. Finally, the parties request that the Amended Notices include language instructing class members to execute and return a Release of Claims.

Having considered the parties' stipulated request, the Court **HEREBY ORDERS** that deadlines be extended as follows:

(1) Deadline for Defendants to send out Amended Notices to Class Members: **May 13, 2008**

(2) Final Settlement Hearing continued from July 11, 2008 to **August 8, 2008 at 9:00 a.m.;**

(3) Hearing on the merits of Class Counsel's motion for attorneys' fees continued from July 11, 2008 to **August 8, 2008 at 9:00 a.m.**

(4) Last date to file objections to settlement: **June 27, 2008** (to be extended if Amended Notice is sent to multiple addresses)

(5) Last date to opt out of vested sick leave and/or vacation pay claim: **June 27, 2008** (to be extended if Amended Notice is sent to multiple addresses)

(6) Last date to opt in to FLSA claim: **July 14, 2008** (to be extended if Amended Notice is sent to multiple addresses)

(7) Hearing on the City's Motion to Exclude Certain Deputy Chiefs from Final Settlement continued from May 30, 2008 to **June 20, 2008 at 9:00 a.m.**

//
//
//
//
//

REQUEST TO EXTEND DEADLINES - CASE NO. 05-1287 (SI)         7        f:\work\dsc\kelly stipulation.doc

1    The Court also approves the Amended Notices, attached as Exhibits A, B, C and D to the

2    Stipulation, reflecting the new deadlines and including the new language relating to Releases of

3    Claims.

4    IT IS SO ORDERED.

5

6    Date: _____

     _____

     SUSAN ILLSTON
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST TO EXTEND DEADLINES - CASE NO. 05-       8       f:\work\dsc\kelly stipulation.doc
1287 (SI)

# EXHIBIT "A"

## AMENDED NOTICE OF PROPOSED SETTLEMENT[1]
### *Francis Kelly et al. v. City and County of San Francisco et al.*
### Case No. C 05-1287 SI (USDC N.D. Cal)

[NAME]
[ADDRESS]

**YOU MAY BE ENTITLED TO RECEIVE MONEY UNDER THE SETTLEMENT IN *FRANCIS KELLY ET AL. V. CITY AND COUNTY OF SAN FRANCISCO ET AL.*, CASE NO. C 05-1287 SI (USDC N.D. Cal). PLEASE READ THIS NOTICE FOR FURTHER INFORMATION ABOUT HOW TO RECEIVE THIS MONEY.**

This notice is regarding the proposed settlement of a collective and class action lawsuit brought by former members of the San Francisco Fire Department ("SFFD") against the City and County of San Francisco ("the City"): *Francis Kelly et al. v. City and County of San Francisco et al.*, Case No. C 05-1287 SI (USDC N.D. Cal).

The lawsuit concerns lump sum payments for compensatory time off in lieu of overtime, vested sick leave, and vacation pay that the City paid to former uniformed employees of the SFFD when they separated from their employment. The Plaintiffs allege that the lump sum payments were deficient because they failed to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay. Plaintiffs' complaint states three claims: (1) that the allegedly deficient compensatory time payments violated the Fair Labor Standards Act, (2) that the allegedly deficient vested sick leave payments violated the City's Civil Service Commission Rules, and (3) that the allegedly deficient vacation payments violated the California Labor Code.

The City denies that it violated the law. The City asserts that it properly calculated and paid lump sum payments to former uniformed employees of the SFFD upon separation from employment.

The City and the Plaintiffs have entered into a proposed settlement to save the parties the inconvenience and expense of litigation and to resolve and compromise the claims made in the lawsuit.

The proposed Settlement Class includes the following three groups of people:

a. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment from January 1, 2002 through June 30, 2007 and received a lump sum payment for any unused accrued compensatory time off in lieu of overtime compensation that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; and who is one of the named Plaintiffs or opted in to the Collective Action by filing a consent to join on or before January 24, 2006 or consents to join in accordance with the terms of the proposed settlement.

---

[1] This notice has been authorized by the Honorable Susan Illston, the United States District Judge to whom this case has been assigned. Although the Court has authorized the sending of this notice, the Court expresses no opinion regarding the merits of Plaintiffs' claims or the City's liability, if any.

EXHIBIT A TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI

     b. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment through June 30, 2007 and, following separation from employment, received a lump sum payment on or after February 25, 2002 for any vested sick leave that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who did not file a request to be excluded from this claim; and who did not previously release such claim.

     c. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment through June 30, 2007 and, following separation from employment, received a lump sum payment on or after February 25, 2002 for accrued vacation pay that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who did not file a request to be excluded from this claim; and who did not previously release such claim.

     The Court must approve the proposed settlement before it becomes final and legally binding. The Court has preliminarily approved the settlement and has scheduled a hearing for August 8, 2008, at 9:00 a.m. The hearing will be held before The Honorable Susan Illston at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California.

     IF THE COURT APPROVES THE PROPOSED SETTLEMENT, ALL OF THE SETTLEMENT CLASS'S CLAIMS AGAINST THE CITY IN THE LAWSUIT AND ALL CLAIMS ARISING FROM AND RELATED TO THE CLAIMS IN THE LAWSUIT—INCLUDING ALL CLAIMS THAT WERE OR COULD HAVE BEEN ASSERTED IN THE LAWSUIT—WILL BE COMPLETELY SETTLED AND FOREVER DISCHARGED AND RELEASED. THE COURT WILL ENJOIN EACH MEMBER OF THE SETTLEMENT CLASS FROM PROSECUTING ANY ACTION AGAINST THE DEFENDANTS WITH RESPECT TO ANY AND ALL INDIVIDUAL OR CLASS CLAIMS RELEASED IN THE SETTLEMENT. SETTLEMENT CLASS MEMBERS WILL NOT BE ABLE TO ASSERT THESE CLAIMS AGAIN.

     Under the proposed settlement, the City has agreed to pay $654,000 plus interest as provided for in the proposed settlement ("Settlement Amount") to Settlement Class members for allegedly underpaid compensatory time off in lieu of overtime compensation, accrued vacation pay, and vested sick leave. The City also has agreed to pay an additional $101,000 plus interest as provided for in the proposed settlement for Class Counsel's attorneys' fees and costs, subject to Court approval. On March 20, 2008, Class Counsel filed a motion for attorneys' fees and costs with the District Court. The hearing on the merits of that motion will also be held on August 8, 2008, at 9:00 a.m. in Courtroom 10. You may review the motion for attorneys' fees and costs at the Clerk's Office. (See below "How to Find Out More.")

     The Settlement Amount will be allocated on a pro rata basis. Each Settlement Class member will receive a proportional share of the Settlement Amount corresponding to the proportion of the lump sum payment the member received for the claims in which such member is included to the total actual lump sum payments that the City paid to all Settlement Class members.

EXHIBIT A TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI

YOU HAVE BEEN IDENTIFIED AS SOMEONE WHO MAY BE ENTITLED TO MONEY UNDER THE PROPOSED SETTLEMENT.

The City's records show that when you separated from your employment with the SFFD, you received the following lump sum payments: $_____ for compensatory time off; $_____ for vested sick leave; and $_____ for vacation pay—for a total of $_____ in lump sum payments. Your total lump sum payment of $_____ is \_\_\_\_\_% of the total $_____ in lump sum payments that the City made to all Settlement Class members.

THEREFORE, YOU ARE ENTITLED TO RECEIVE APPROXIMATELY $\_\_\_\_\_, WHICH IS _____% OF THE $654,000. WHEN THE SETTLEMENT BECOMES FINAL, YOUR ULTIMATE PAYMENT UNDER THE SETTLEMENT WILL BE ADJUSTED TO INCLUDE INTEREST AND, AS NECESSARY, TO ACCOUNT FOR CHANGES IN THE NUMBER OF FORMER MEMBERS ELIGIBLE TO RECEIVE COMPENSATION.

Previously, you received a notice allowing you to opt in to the compensatory time off claim. You elected to opt in to this claim. You also received another notice allowing you to opt out of the vested sick leave claim. You did not opt out of this claim. Accordingly, you are part of the Settlement Class for the compensatory time and vested sick leave claims, and will receive compensation for those claims, provided that you sign and return a Release of Claims, as explained below.

The Court has now approved including in the Settlement Class the members who received lump sum payments for accrued vacation pay. To remain eligible to receive compensation based on your lump sum payment for accrued vacation pay, you do not need to do anything, except sign and return a Release of Claims, as explained below. To opt out of the accrued vacation pay claim, you must file an "Exclusion Request," as explained below.

**YOU NOW HAVE THESE OPTIONS:**

Option 1.    **Do Nothing *except sign Release of Claims***: If you do nothing, you will remain eligible to receive your share of the settlement funds for the three claims for compensatory time off in lieu of overtime compensation, vested sick leave, and accrued vacation pay, ***provided that you execute and return a Release of Claims, as explained below***. As explained above, all claims that were or could have been brought on your behalf in the lawsuit will be completely settled and forever discharged and released. You will not be able to bring such claims in the future.

Option 2.    **Opt Out of the Vacation Pay Claim**: Although you are already part of the Settlement Class for the compensatory time off and vested sick leave claims, you still have the option to opt out of the Settlement Class for the vacation pay claim. If you opt out of this claim, your share of the settlement funds will be reduced. If you opt out, you will still be compensated for and bound by the settlement of the other two claims, but you will not be eligible to receive compensation based on the lump sum payment for accrued vacation pay that you received. If you opt out of the vacation pay claim, your claim for accrued vacation pay will not be extinguished by this settlement; you will be able to obtain additional monies for accrued vacation pay if, but only if, you file your own lawsuit within the time provided by law and you prevail on your claim.

To ask to be excluded from the class for the accrued vacation pay claim, you must mail an "Exclusion Request" in the form of a letter, stating that you want to be excluded from the accrued vacation pay claim in *Kelly v. City and County of San Francisco*, Case No. C 05-1287 SI. Be sure to include your name and address, and sign the letter. If you wish to be excluded, you must mail your Exclusion Request to:

> Clerk of Court
> United States District Court for the Northern District of California
> 450 Golden Gate Avenue
> P.O. Box 36060
> San Francisco, CA 94102.

Your Exclusion Request must be received by June 27, 2008. The sender bears the responsibility for any delay in delivery or for non-delivery.

Option 3. **Object to the Settlement and/or Settlement Class Definition**: Before the settlement becomes final, the Court must approve it. You have a right to object to the settlement—to tell the Court if you think there is some reason that it should not approve the settlement—and to object to who is included in or excluded from the Settlement Class. You also have the right to object if you believe that the information shown above concerning the lump sum payments you previously received is incorrect.

If you do not object to the settlement, you may not appeal once the settlement receives final approval from the Court. If you choose to object, you must make your objection in writing, refer to Case No. C 05-1287 SI and send it so that it is received by June 27, 2008 to:

> The Honorable Susan Illston
> United States District Court for the Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94102

In addition, if you choose to object, you must simultaneously send a copy of your objections to the following:

> Class Counsel
> Diane Sidd-Champion, Esq.
> McCarthy, Johnson & Miller Law Corporation
> 595 Market Street, Suite 2200
> San Francisco, CA 94105

> City Attorney
> Dennis J. Herrera
> Elizabeth S. Salveson
> Ruth M. Bond
> Fox Plaza
> 1390 Market Street, 5th Floor
> San Francisco, CA 94102-5408

The sender bears the responsibility for any delay in delivery or for non-delivery.

If you do not file a written objection by June 27, 2008, you will have waived your right to appeal any judgment entered by the Court approving the settlement. If you file an objection, you may still remain eligible to receive money under the settlement if it is approved by the Court, as described above.

You have the right to appear personally or through an attorney at the final settlement hearing on August 8, 2008, at 9:00 a.m. at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California, provided that you have complied with the procedures set forth in this Notice. To appear at the hearing, you must have filed a timely written objection, as described above, as well as simultaneous written notification that you wish to appear at the hearing. You must identify yourself as a class member in Case No. C 05-1287 SI. You must file both the written objection and written notification of intent to appear to be allowed to appear at the hearing. You may not appear if you have not filed both the written objection and written notification of intent to appear. If you have complied with these requirements, you may present your objections and comments at the hearing.

## *TO RECEIVE PAYMENT UNDER THE SETTLEMENT:*

*In order to receive payment under this settlement, you must execute and return to the City the enclosed Release of Claims promptly, and no later than 60 days following the final settlement hearing, which is now scheduled for August 8, 2008. The release should be sent to:*

> *City and County of San Francisco*
> *c/o Ruth M. Bond*
> *Deputy City Attorney*
> *Fox Plaza*
> *1390 Market Street, 5th Floor*
> *San Francisco, California 94102-5408*

*Please note that* **YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT AMOUNT UNLESS AND UNTIL THE CITY HAS TIMELY RECEIVED YOUR SIGNED RELEASE OF CLAIMS.**

### HOW TO FIND OUT MORE:

You have a right to see the Settlement Agreement and the motion for attorneys' fees and costs before the final settlement hearing. You may review the Settlement Agreement and the motion at the Clerk's Office in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California. The file viewing room is open Monday through Friday from 9:00 a.m. to 1:00 p.m. You will need to give the Clerk the following case number: C 05-1287 SI. The Court's personnel will not answer questions about the lawsuit or the Settlement Agreement. If you have questions or want your own copy of the Settlement Agreement, you may call Class Counsel, Diane Sidd-Champion at McCarthy, Johnson & Miller Law Corporation at (415) 882-2992 or (916) 443-0726.

## RELEASE OF CLAIMS

**RELEASE OF CLAIMS BY** _____ **RELATED TO**

*FRANCIS KELLY, ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.,*

**FILED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

**DISTRICT OF CALIFORNIA, CASE NO. C 05-1287 SI (ENE) (THE "ACTION")**

In consideration for the payment described in paragraph 31(a) of the Settlement

Agreement and the Notice of Proposed Settlement in the Action, I, the undersigned, fully

release and discharge Defendant City and County of San Francisco, including its

constituent department, the San Francisco Fire Department (collectively, "City") from

any and all claims, grievances, debts, liabilities, demands, obligations, guarantees, costs,

expenses, attorneys' fees, damages, actions or causes of action of whatever kind or

nature, whether known or unknown, that were alleged or could have been alleged in the

Action for violation of the Memorandum of Understanding between the City and San

Francisco Fire Fighters Local 798, the California Labor Code, the City's Civil Service

Rules, or the Fair Labor Standards Action including all claims for unpaid compensatory

time in lieu of overtime, unpaid vacation pay and unpaid vested sick leave in lump sum

payments due at separation from employment. I will not file or bring or otherwise

institute or in any way actively participate in or voluntarily assist in the prosecution of

claims, grievances, lawsuits, or administrative actions asserting matters released or

dismissed under the Settlement Agreement in the Action.

I agree to waive all rights and benefits afforded by Section 1542 of the Civil Code

of the State of California and any analogous state or federal law or regulation, and do so

understanding the significance of that waiver. Section 1542 provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

In order to provide a full and complete release of Defendants of all claims arising from or related to the Action, l acknowledge that this Release is intended to include in its effect all claims which were or could have been asserted in the Action, including claims which I do not know or suspect to exist in my favor against Defendants.

Printed Name: _____

Signature: _____

Date: _____

Address: _____
Telephone: _____
Email: _____

# EXHIBIT "B"

**AMENDED NOTICE OF PROPOSED SETTLEMENT[1]**
*Francis Kelly et al. v. City and County of San Francisco et al.*
**Case No. C 05-1287 SI (USDC N.D. Cal)**

[NAME]
[ADDRESS]

**YOU MAY BE ENTITLED TO RECEIVE MONEY UNDER THE SETTLEMENT IN *FRANCIS KELLY ET AL. V. CITY AND COUNTY OF SAN FRANCISCO ET AL.*, CASE NO. C 05-1287 SI (USDC N.D. Cal). PLEASE READ THIS NOTICE FOR FURTHER INFORMATION ABOUT HOW TO RECEIVE THIS MONEY.**

This notice is regarding the proposed settlement of a collective and class action lawsuit brought by former members of the San Francisco Fire Department ("SFFD") against the City and County of San Francisco ("the City"): *Francis Kelly et al. v. City and County of San Francisco et al.*, Case No. C 05-1287 SI (USDC N.D. Cal).

The lawsuit concerns lump sum payments for compensatory time off in lieu of overtime, vested sick leave, and vacation pay that the City paid to former uniformed employees of the SFFD when they separated from their employment. The Plaintiffs allege that the lump sum payments were deficient because they failed to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay. Plaintiffs' complaint states three claims: (1) that the allegedly deficient compensatory time payments violated the Fair Labor Standards Act, (2) that the allegedly deficient vested sick leave payments violated the City's Civil Service Commission Rules, and (3) that the allegedly deficient vacation payments violated the California Labor Code.

The City denies that it violated the law. The City asserts that it properly calculated and paid lump sum payments to former uniformed employees of the SFFD upon separation from employment.

The City and the Plaintiffs have entered into a proposed settlement to save the parties the inconvenience and expense of litigation and to resolve and compromise the claims made in the lawsuit.

The proposed Settlement Class includes the following three groups of people:

 a. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment from January 1, 2002 through June 30, 2007 and received a lump sum payment for any unused accrued compensatory time off in lieu of overtime compensation that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; and who is one of the named Plaintiffs or opted in to the Collective Action by filing a consent to join on or before January 24, 2006 or consents to join in accordance with the terms of the proposed settlement.

---

[1] This notice has been authorized by The Honorable Susan Illston, the United States District Judge to whom this case has been assigned. Although the Court has authorized the sending of this notice, the Court expresses no opinion regarding the merits of Plaintiffs' claims or the City's liability, if any.

EXHIBIT B TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI

      b. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment through June 30, 2007 and, following separation from employment, received a lump sum payment on or after February 25, 2002 for any vested sick leave that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who did not file a request to be excluded from this claim; and who did not previously release such claim.

      c. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment through June 30, 2007 and, following separation from employment, received a lump sum payment on or after February 25, 2002 for accrued vacation pay that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who did not file a request to be excluded from this claim; and who did not previously release such claim.

      The Court must approve the proposed settlement before it becomes final and legally binding. The Court has preliminarily approved the settlement and has scheduled a hearing for August 8, 2008, at 9:00 a.m. The hearing will be held before The Honorable Susan Illston at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California.

      IF THE COURT APPROVES THE PROPOSED SETTLEMENT, ALL OF THE SETTLEMENT CLASS'S CLAIMS AGAINST THE CITY IN THE LAWSUIT AND ALL CLAIMS ARISING FROM AND RELATED TO THE CLAIMS IN THE LAWSUIT—INCLUDING ALL CLAIMS THAT WERE OR COULD HAVE BEEN ASSERTED IN THE LAWSUIT—WILL BE COMPLETELY SETTLED AND FOREVER DISCHARGED AND RELEASED. THE COURT WILL ENJOIN EACH MEMBER OF THE SETTLEMENT CLASS FROM PROSECUTING ANY ACTION AGAINST THE DEFENDANTS WITH RESPECT TO ANY AND ALL INDIVIDUAL OR CLASS CLAIMS RELEASED IN THE SETTLEMENT. SETTLEMENT CLASS MEMBERS WILL NOT BE ABLE TO ASSERT THESE CLAIMS AGAIN.

      Under the proposed settlement, the City has agreed to pay $654,000 plus interest as provided for in the proposed settlement ("Settlement Amount") to Settlement Class members for allegedly underpaid compensatory time off in lieu of overtime compensation, accrued vacation pay, and vested sick leave. The City also has agreed to pay an additional $101,000 plus interest as provided for in the proposed settlement for Class Counsel's attorneys' fees and costs, subject to Court approval. On March 20, 2008, Class Counsel filed a motion for attorneys' fees and costs with the District Court. The hearing on the merits of that motion will also be held on August 8, 2008, at 9:00 a.m. in Courtroom 10. You may review the motion for attorneys' fees and costs at the Clerk's Office. (See below "How to Find Out More.")

      The Settlement Amount will be allocated on a pro rata basis. Each Settlement Class member will receive a proportional share of the Settlement Amount corresponding to the proportion of the lump sum payment the member received for the claims in which such member is included to the total lump sum payments that the City paid to all Settlement Class members.

EXHIBIT B TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI

YOU HAVE BEEN IDENTIFIED AS SOMEONE WHO MAY BE ENTITLED TO MONEY UNDER THE PROPOSED SETTLEMENT.

Previously, you received a notice allowing you to opt in to the compensatory time off claim. You did not elect to opt in to this claim.

**To become eligible to receive compensation under the settlement for the compensatory time off claim, YOU MUST COMPLETE AND RETURN THE ENCLOSED CONSENT TO JOIN FORM in the enclosed, stamped envelope addressed to Class Counsel so that it is <u>received</u> by July 14, 2008, as explained below.** If you return the Consent to Join, in order to receive payment, you will also need to sign and return a Release of Claims, as explained below.

Previously, you also received a notice allowing you to opt out of the vested sick leave claim. You did not opt out of this claim. Therefore, you are part of the settlement class for the vested sick leave claim and will receive compensation for that claim, provided that you sign and return a Release of Claims, as explained below.

The Court has now approved including in the Settlement Class the members who received lump sum payments for accrued vacation pay. To be eligible to receive compensation based on your lump sum payment for accrued vacation pay, you do not need to do anything, except sign and return a Release of Claims, as explained below. To opt out of the accrued vacation pay claim, you must file an "Exclusion Request," as explained below.

The City's records show that when you separated from employment with the SFFD, you received lump sum payments of $_____ for compensatory time off, $_____ for vested sick leave and $_____ for accrued vacation pay – for a total of $_____. Your <u>total</u> lump sum payment of $_____ is _____% of the total $_____ in lump sum payments that the City made to all Settlement Class members.

THEREFORE, IF YOU OPT IN TO THE COMPENSATORY TIME CLAIM AND DO NOT OPT OUT OF THE VACATION PAY CLAIM, YOU ARE ENTITLED TO RECEIVE APPROXIMATELY $_____, WHICH IS _____% OF THE $654,000. IF YOU DO NOT OPT IN TO THE COMPENSATORY TIME CLAIM AND/OR YOU OPT OUT OF THE VACATION PAY CLAIM, YOUR FINAL PAYMENT WILL BE LESS. WHEN THE SETTLEMENT BECOMES FINAL, YOUR ULTIMATE PAYMENT UNDER THE SETTLEMENT WILL BE ADJUSTED TO INCLUDE INTEREST AND, AS NECESSARY, TO ACCOUNT FOR CHANGES IN THE NUMBER OF FORMER MEMBERS ELIGIBLE TO RECEIVE COMPENSATION.

**YOU NOW HAVE THESE OPTIONS:**

Option 1. **<u>Consent To Join Compensatory Time Off Claim</u>: You will be eligible to receive compensation for the compensatory time off claim only if you complete and return the enclosed Consent to Join form in the enclosed, stamped envelope addressed to Class Counsel so that it is <u>received</u> by July 14, 2008.** If you consent to join this claim, all claims that were or could have been brought on your behalf in the lawsuit arising out of or related to your compensatory time off lump sum payment will be completely settled and forever discharged and released. You will not be able to bring such claims in the future. **If you do not return the form consenting to join the compensatory time off claim, you will not be eligible to receive compensation for this**

claim **under the settlement and your share of the settlement fund will be reduced.** If you do not opt in to the compensatory time off claim, you will be able to obtain additional monies for compensatory time off based on the lump sum payments if, and only if, you file your own lawsuit within the time provided by law and you prevail on your claims. If you return the Consent to Join, in order to receive payment, you will also need to sign and return a Release of Claims, as explained below.

You do not need to do anything to remain eligible to receive compensation under the settlement for the vested sick leave and accrued vacation pay claim, except sign and return a Release of Claims, as explained below.

Option 2.     **Do Nothing** *except sign Release of Claims*: If you do nothing, you will remain eligible to receive your share of the settlement fund for the vested sick leave and accrued vacation pay claims, ***provided that you execute and return a Release of Claims, as explained below***. All claims that were or could have been brought on your behalf in the lawsuit arising out of or related to your lump sum payments for vested sick leave and accrued vacation pay will be completely settled and forever discharged and released. You will not be able to bring such claims in the future.

Option 3.     **Opt Out of the Vacation Pay Claim**: Although you are already part of the Settlement Class for the vested sick leave claim, you still have the option to opt out of the Settlement Class for the accrued vacation pay claim. If you opt out of this claim, your share of the settlement fund will be reduced. If you opt out, you will still be compensated for and bound by the settlement of the vested sick leave claim, but you will not be eligible to receive a share of the settlement fund based on the lump sum payment for accrued vacation pay that you received. If you opt out of the vacation pay claim, your claim for accrued vacation pay will not be extinguished by this settlement. If you opt out, you may be able to obtain additional monies for accrued vacation pay if, but only if, you file your own lawsuit within the time provided by law and you prevail on your claim.

To ask to be excluded from the class for the accrued vacation pay claim, you must mail an "Exclusion Request" in the form of a letter, stating that you want to be excluded from the accrued vacation pay claim in *Kelly v. City and County of San Francisco*, Case No. C 05-1287 SI. Be sure to include your name and address, and sign the letter. If you wish to be excluded, you must mail your Exclusion Request to:

> Clerk of Court
> United States District Court for the Northern District of California
> 450 Golden Gate Avenue
> P.O. Box 36060
> San Francisco, CA 94102.

Your Exclusion Request must be received by June 27, 2008. The sender bears the responsibility for any delay in delivery or for non-delivery.

Option 4.     **Object to the Settlement and/or Settlement Class Definition**: Before the settlement becomes final, the Court must approve it. You have a right to object to the settlement—to tell the Court if you think there is some reason that it should not approve the settlement—and to object to who is included in or excluded from the Settlement Class. You also have the right to object if you believe that the information shown above concerning the lump sum payments you previously received is incorrect.

If you do not object to the settlement, you may not appeal once the settlement receives final approval from the Court. If you choose to object, you must make your objection in writing, refer to Case No. C 05-1287 SI, and send it so that it is received by June 27, 2008, to:

> The Honorable Susan Illston
> United States District Court for the Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA 94102

In addition, if you choose to object, you must simultaneously send a copy of your objections to the following:

> Class Counsel
> Diane Sidd-Champion, Esq.
> McCarthy, Johnson & Miller Law Corporation
> 595 Market Street, Suite 2200
> San Francisco, CA 94105

> City Attorney
> Dennis J. Herrera
> Elizabeth S. Salveson
> Ruth M. Bond
> Fox Plaza
> 1390 Market Street, 5th Floor
> San Francisco, CA 94102-5408

The sender bears the responsibility for any delay in delivery or for non-delivery.

If you do not file a written objection by June 27, 2008, you will have waived your right to appeal any judgment entered by the Court approving the settlement. If you file an objection, you may still remain eligible to receive money under the settlement if it is approved by the Court, as described above.

You have the right to appear personally or through an attorney at the final settlement hearing on August 8, 2008, at 9:00 a.m. at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California, provided that you have complied with the procedures set forth in this Notice. To appear at the hearing, you must have filed a timely written objection, as described above, as well as simultaneous written notification that you wish to appear at the hearing. You must identify yourself as a class member in Case No. C 05-1287 SI. You must file both the written objection and written notification of intent to appear to be allowed to appear at the hearing. You may not appear if you have not filed both the written objection and written notification of intent to appear. If you have complied with these requirements, you may present your objections and comments at the hearing.

### TO RECEIVE PAYMENT UNDER THE SETTLEMENT:

*In order to receive payment under this settlement, you must execute and return to the City the enclosed Release of Claims promptly, and no later than 60 days following the final settlement hearing, which is now scheduled for August 8, 2008. The release should be sent to:*

EXHIBIT B TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI

Page 5

*City and County of San Francisco*
*c/o Ruth M. Bond*
*Deputy City Attorney*
*Fox Plaza*
*1390 Market Street, 5th Floor*
*San Francisco, California 94102-5408*

*Please note that* **YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT AMOUNT UNTIL THE CITY HAS TIMELY RECEIVED YOUR SIGNED RELEASE OF CLAIMS.**

**HOW TO FIND OUT MORE:**

You have a right to see the Settlement Agreement and the motion for attorneys' fees and costs before the final settlement hearing. You may review the Settlement Agreement and the motion at the Clerk's Office in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California. The file viewing room is open Monday through Friday from 9:00 a.m. to 1:00 p.m. You will need to give the Clerk the following case number: C 05-1287 SI. The Court's personnel will not answer questions about the lawsuit or the Settlement Agreement. If you have questions or want your own copy of the Settlement Agreement, you may call Class Counsel, Diane Sidd-Champion at McCarthy, Johnson & Miller Law Corporation at (415) 882-2992 or (916) 443-0726.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. § 216(b)

      1.     I hereby consent and agree and opt-in to become a plaintiff in *Francis Kelly, et al. v. City and County of San Francisco, et al.*, Case No. C 05-1287 SI, brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover unpaid compensatory time off in lieu of overtime from my former employer, the City and County of San Francisco.

      2.     I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

      3.     I hereby designate McCarthy, Johnson & Miller Law Corporation to represent me in this action.

Date: _____     _____
                                                     Signature

                                       _____
                                                    Printed Name

## RELEASE OF CLAIMS

**RELEASE OF CLAIMS BY** _____ _____ **RELATED TO**

*FRANCIS KELLY, ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.,*

**FILED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

**DISTRICT OF CALIFORNIA, CASE NO. C 05-1287 SI (ENE) (THE "ACTION")**

In consideration for the payment described in paragraph 31(a) of the Settlement

Agreement and the Notice of Proposed Settlement in the Action, I, the undersigned, fully

release and discharge Defendant City and County of San Francisco, including its

constituent department, the San Francisco Fire Department (collectively, "City") from

any and all claims, grievances, debts, liabilities, demands, obligations, guarantees, costs,

expenses, attorneys' fees, damages, actions or causes of action of whatever kind or

nature, whether known or unknown, that were alleged or could have been alleged in the

Action for violation of the Memorandum of Understanding between the City and San

Francisco Fire Fighters Local 798, the California Labor Code, the City's Civil Service

Rules, or the Fair Labor Standards Action including all claims for unpaid compensatory

time in lieu of overtime, unpaid vacation pay and unpaid vested sick leave in lump sum

payments due at separation from employment. I will not file or bring or otherwise

institute or in any way actively participate in or voluntarily assist in the prosecution of

claims, grievances, lawsuits, or administrative actions asserting matters released or

dismissed under the Settlement Agreement in the Action.

I agree to waive all rights and benefits afforded by Section 1542 of the Civil Code

of the State of California and any analogous state or federal law or regulation, and do so

understanding the significance of that waiver. Section 1542 provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

In order to provide a full and complete release of Defendants of all claims arising from or related to the Action, I acknowledge that this Release is intended to include in its effect all claims which were or could have been asserted in the Action, including claims which I do not know or suspect to exist in my favor against Defendants.

Printed Name: _____

Signature: _____

Date: _____

Address: _____
Telephone: _____
Email: _____

# EXHIBIT "C"

**AMENDED NOTICE OF PROPOSED SETTLEMENT[1]**
*Francis Kelly et al. v. City and County of San Francisco et al.*
**Case No. C 05-1287 SI (USDC N.D. Cal)**

[NAME[
[ADDRESS]

**YOU MAY BE ENTITLED TO RECEIVE MONEY UNDER THE SETTLEMENT IN *FRANCIS KELLY ET AL. V. CITY AND COUNTY OF SAN FRANCISCO ET AL.*, CASE NO. C 05-1287 SI (USDC N.D. Cal). PLEASE READ THIS NOTICE FOR FURTHER INFORMATION ABOUT HOW TO RECEIVE THIS MONEY.**

This notice is regarding the proposed settlement of a collective and class action lawsuit brought by former members of the San Francisco Fire Department ("SFFD") against the City and County of San Francisco (the "City"): *Francis Kelly et al. v. City and County of San Francisco et al.*, Case No. C 05-1287 SI (USDC N.D. Cal).

The lawsuit concerns lump sum payments for compensatory time off in lieu of overtime, vested sick leave, and vacation pay that the City paid to former uniformed employees of the SFFD when they separated from their employment. The Plaintiffs allege that the lump sum payments were deficient because they failed to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay. Plaintiffs' complaint states three claims: (1) that the allegedly deficient compensatory time payments violated the Fair Labor Standards Act, (2) that the allegedly deficient vested sick leave payments violated the City's Civil Service Commission Rules, and (3) that the allegedly deficient vacation payments violated the California Labor Code.

The City denies that it violated the law. The City asserts that it properly calculated and paid lump sum payments to former uniformed employees of the SFFD upon separation from employment.

The City and the Plaintiffs have entered into a proposed settlement to save the parties the inconvenience and expense of litigation and to resolve and compromise the claims made in the lawsuit.

The proposed Settlement Class includes the following three groups of people:

    a. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment from January 1, 2002 through June 30, 2007 and received a lump sum payment for any unused accrued compensatory time off in lieu of overtime compensation

---

[1] This notice has been authorized by The Honorable Susan Illston, the United States District Judge to whom this case has been assigned. Although the Court has authorized the sending of this notice, the Court expresses no opinion regarding the merits of Plaintiffs' claims or the City's liability, if any.

EXHIBIT C TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI                                                    Page 1

that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; and who is one of the named Plaintiffs or opted in to the Collective Action by filing a consent to join on or before January 24, 2006 or consents to join in accordance with the terms of the proposed settlement.

      b. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment through June 30, 2007 and, following separation from employment, received a lump sum payment on or after February 25, 2002 for any vested sick leave that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who did not file a request to be excluded from this claim; and who did not previously release such claim.

      c. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment through June 30, 2007 and, following separation from employment, received a lump sum payment on or after February 25, 2002 for accrued vacation pay that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who did not file a request to be excluded from this claim; and who did not previously release such claim.

    The Court must approve the proposed settlement before it becomes final and legally binding. The Court has preliminarily approved the settlement and has scheduled a hearing for August 8, 2008 at 9:00 a.m. The hearing will be held before The Honorable Susan Illston at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California.

    IF THE COURT APPROVES THE PROPOSED SETTLEMENT, ALL OF THE SETTLEMENT CLASS'S CLAIMS AGAINST THE CITY IN THE LAWSUIT AND ALL CLAIMS ARISING FROM AND RELATED TO THE CLAIMS IN THE LAWSUIT—INCLUDING ALL CLAIMS THAT WERE OR COULD HAVE BEEN ASSERTED IN THE LAWSUIT—WILL BE COMPLETELY SETTLED AND FOREVER DISCHARGED AND RELEASED. THE COURT WILL ENJOIN EACH MEMBER OF THE SETTLEMENT CLASS FROM PROSECUTING ANY ACTION AGAINST THE DEFENDANTS WITH RESPECT TO ANY AND ALL INDIVIDUAL OR CLASS CLAIMS RELEASED IN THE SETTLEMENT. SETTLEMENT CLASS MEMBERS WILL NOT BE ABLE TO ASSERT THESE CLAIMS AGAIN.

    Under the proposed settlement, the City has agreed to pay $654,000 plus interest as provided for in the proposed settlement ("Settlement Amount") to Settlement Class members for allegedly underpaid compensatory time off in lieu of overtime compensation, accrued vacation pay, and vested sick leave. The City also has agreed to pay an additional $101,000 plus interest as provided for in the proposed settlement for Class Counsel's attorneys' fees and costs, subject to Court approval. On March 20, 2008, Class Counsel filed a motion for attorneys' fees and costs with the District Court. The hearing on the merits of that motion will also be held on August 8, 2008 at 9:00 a.m. in Courtroom 10. You may review the motion for attorneys' fees and costs at the Clerk's Office. (See below "How to Find Out More.")

EXHIBIT C TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI                                                                                    Page 2

The Settlement Amount will be allocated on a pro rata basis. Each Settlement Class member will receive a proportional share of the Settlement Amount corresponding to the proportion of the lump sum payment the member received for the claims in which such member is included to the total lump sum payments that the City paid to all Settlement Class members.

YOU HAVE BEEN IDENTIFIED AS SOMEONE WHO MAY BE ENTITLED TO MONEY UNDER THE PROPOSED SETTLEMENT.

**To be eligible to receive compensation under the proposed settlement for the claim for compensatory time off in lieu of overtime compensation, YOU MUST COMPLETE AND RETURN THE ENCLOSED CONSENT TO JOIN FORM in the enclosed, stamped envelope addressed to Class Counsel so that it is <u>received</u> by July 14, 2008, as explained below.** If you return the Consent to Join, in order to receive payment, you will also need to sign and return a Release of Claims, as explained below.

To be eligible to receive compensation under the proposed settlement for the claims for vested sick leave and/or accrued vacation pay, you do not need to do anything, except sign and return the Release of Claims, as explained below. To opt out of either or both of the vested sick leave or vacation pay claims, you must file an "Exclusion Request," as explained below.

The City's records show that when you separated from your employment with the SFFD, you received the following lump sum payments: $_____ for compensatory time off; $_____ for vested sick leave; and $_____ for vacation pay – for a total of $_____ in lump sum payments. Your <u>total</u> lump sum payment of $_____ is _____% of the total $_____ in lump sum payments that the City made to all Settlement Class members.

THEREFORE, IF YOU OPT IN TO THE COMPENSATORY TIME OFF CLAIM AND DO NOT OPT OUT OF THE VESTED SICK LEAVE OR VACATION PAY CLAIMS, YOU ARE ENTITLED TO RECEIVE APPROXIMATELY $_____, WHICH IS _____% OF THE $654,000. IF YOU DO NOT OPT IN TO THE COMPENSATORY TIME OFF CLAIM OR OPT OUT OF ONE OR BOTH OF THE OTHER CLAIMS, YOUR FINAL PAYMENT WILL BE LESS. WHEN THE SETTLEMENT BECOMES FINAL, YOUR ULTIMATE PAYMENT UNDER THE SETTLEMENT WILL BE ADJUSTED TO INCLUDE INTEREST AND, AS NECESSARY, TO ACCOUNT FOR CHANGES IN THE NUMBER OF FORMER MEMBERS ELIGIBLE TO RECEIVE COMPENSATION.

**YOU HAVE THESE OPTIONS:**

Option 1. <u>**Consent to Join Compensatory Time Off Claim**</u>**: You will be eligible to receive compensation for the compensatory time off claim only if you complete and return the enclosed Consent to Join form in the enclosed, stamped envelope addressed to Class Counsel so that it is <u>received</u> by July 14, 2008.** If you consent to join this claim, all claims that were or could have been brought on your behalf in the lawsuit arising out of or related to your compensatory time off lump sum payment will be completely settled and forever discharged and released. You will not be able to bring such claims in the future. **If you do not return the form consenting to join the**

EXHIBIT C TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI                                                          Page 3

compensatory time off claim, you will not be eligible to receive compensation for this claim under the settlement and your share of the settlement fund will be reduced. If you do not opt in to the compensatory time off claim, you will be able to obtain additional monies for compensatory time off based on the lump sum payments if, and only if, you file your own lawsuit within the time provided by law and you prevail on your claims. If you return the Consent to Join, in order to receive payment, you will also need to sign and return a Release of Claims, as explained below.

You do not need to do anything to remain eligible to receive compensation under the settlement for the vested sick leave and accrued vacation pay claims, except sign and return a Release of Claims, as explained below.

Option 2.       **Do Nothing *except sign Release of Claims***: If you do nothing, you will remain eligible to receive your share of the settlement fund for the vested sick leave and accrued vacation pay claims, ***provided that you execute and return a Release of Claims, as explained below***. All claims that were or could have been brought on your behalf in the lawsuit arising out of or related to your lump sum payments for vested sick leave and accrued vacation pay will be completely settled and forever discharged and released. You will not be able to bring such claims in the future.

Option 3.       **Opt Out of Either or Both of the Vested Sick Leave And Vacation Pay Claims**: You may opt out of the Settlement Class for the vested sick leave and/or vacation pay claims. If you opt out of either or both or these claims, your share of the settlement fund will be reduced. If you opt out, you will not be eligible to receive a share of the settlement fund based on the lump sum payment for vested sick leave and/or accrued vacation pay that you received . If you opt out of the claims for vested sick leave and/or accrued vacation pay, these claims will not be extinguished by this settlement. If you opt out, you may be able to obtain additional monies for vested sick leave or accrued vacation pay if, but only if, you file your own lawsuit within the time provided by law and you prevail on your claims.

To ask to be excluded from the class for the vested sick leave claim, the vacation pay claim or both, you must mail an "Exclusion Request" in the form of a letter, stating that you want to be excluded from one or both of these  claims in *Kelly v. City and County of San Francisco*, Case No. C 05-1287 SI. Be sure to include your name and address, and sign the letter. If you wish to be excluded, you must mail your Exclusion Request to:

> Clerk of Court
> United States District Court for the Northern District of California
> 450 Golden Gate Avenue
> P.O. Box 36060
> San Francisco, CA 94102.

Your Exclusion Request must be received by June 27, 2008. The sender bears the responsibility for any delay in delivery or for non-delivery.

Option 4.       **Object to the Settlement and/or Settlement Class Definition**: Before the proposed settlement becomes final, the Court must approve it. You have a right to object to the settlement—to tell the Court if you think there is some reason that it should not approve the settlement—and to object to who is included in or excluded from

EXHIBIT C TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI                                                    Page 4

the Settlement Class.  You also have the right to object if you believe that the information shown above concerning the lump sum payments you previously received is incorrect.

If you do not object to the settlement, you may not appeal once the settlement receives final approval from the Court.  If you choose to object, you must make your objection in writing, refer to Case No. C 05-1287 SI, and send it so that it is received by June 27, 2008 to:

> The Honorable Susan Illston
> United States District Court for the Northern District of California
> 450 Golden Gate Avenue
> San Francisco, CA  94102

In addition, if you choose to object, you must simultaneously send a copy of your objections to the following:

> Class Counsel
> Diane Sidd-Champion, Esq.
> McCarthy, Johnson & Miller Law Corporation
> 595 Market Street, Suite 2200
> San Francisco, CA  94105
>
> City Attorney
> Dennis J. Herrera
> Elizabeth S. Salveson
> Ruth M. Bond
> Fox Plaza
> 1390 Market Street, 5th Floor
> San Francisco, CA  94102-5408

The sender bears the responsibility for any delay in delivery or for non-delivery.

If you do not file a written objection by June 27, 2008, you will have waived your right to appeal any judgment entered by the Court approving the settlement.  If you file an objection, you may still remain eligible to receive money under the settlement if it is approved by the Court, as described above.

You have the right to appear personally or through an attorney at the final settlement hearing on August 8, 2008 at 9:00 a.m. at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California, provided that you have complied with the procedure set forth in this Notice.   To appear at the hearing, you must have filed a timely written objection, as described above, as well as simultaneous written notification that you wish to appear at the hearing.  You must identify yourself as a class member in Case No. C 05-1287 SI. You must file both the written objection and written notification of intent to appear to be allowed to appear at the hearing.  You may not appear if you have not filed both the written objection and written notification of intent to appear.  If you have complied with these requirements, you may present your objections and comments at the hearing.

EXHIBIT C TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI                                                                              Page 5

**TO RECEIVE PAYMENT UNDER THE SETTLEMENT:**

*In order to receive payment under this settlement, you must execute and return to the City the enclosed Release of Claims promptly, and no later than 60 days following the final settlement hearing, which is now scheduled for August 8, 2008. The release should be sent to:*

> *City and County of San Francisco*
> *c/o Ruth M. Bond*
> *Deputy City Attorney*
> *Fox Plaza*
> *1390 Market Street, 5th Floor*
> *San Francisco, California 94102-5408*

*Please note that* **YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT AMOUNT UNTIL THE CITY HAS TIMELY RECEIVED YOUR SIGNED RELEASE OF CLAIMS.**

**HOW TO FIND OUT MORE:**

You have a right to see the Settlement Agreement and the motion for attorneys' fees and costs before the final settlement hearing. You may review the Settlement Agreement and the motion at the Clerk's Office in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California. The file viewing room is open Monday through Friday from 9:00 a.m. to 1:00 p.m. You will need to give the Clerk the following case number: C 05-1287 SI. The Court's personnel will not answer questions about the lawsuit or the Settlement Agreement. If you have questions or want your own copy of the Settlement Agreement, you may call Class Counsel, Diane Sidd-Champion at McCarthy, Johnson & Miller Law Corporation at (415) 882-2992 or (916) 443-0726.

EXHIBIT C TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI

Page 6

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. § 216(b)**

      1.     I hereby consent and agree and opt-in to become a plaintiff in *Francis Kelly, et al. v. City and County of San Francisco, et al.*, Case No. C 05-1287 SI, brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover unpaid compensatory time off in lieu of overtime from my former employer, the City and County of San Francisco.

      2.     I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

      3.     I hereby designate McCarthy, Johnson & Miller Law Corporation to represent me in this action.

Date: _____     _____

                                                    Signature

                                         _____

                                             Printed Name

## RELEASE OF CLAIMS

**RELEASE OF CLAIMS BY** _____ **RELATED TO**

*FRANCIS KELLY, ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.,*

**FILED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

**DISTRICT OF CALIFORNIA, CASE NO. C 05-1287 SI (ENE) (THE "ACTION")**

In consideration for the payment described in paragraph 31(a) of the Settlement

Agreement and the Notice of Proposed Settlement in the Action, I, the undersigned, fully

release and discharge Defendant City and County of San Francisco, including its

constituent department, the San Francisco Fire Department (collectively, "City") from any

and all claims, grievances, debts, liabilities, demands, obligations, guarantees, costs,

expenses, attorneys' fees, damages, actions or causes of action of whatever kind or

nature, whether known or unknown, that were alleged or could have been alleged in the

Action for violation of the Memorandum of Understanding between the City and San

Francisco Fire Fighters Local 798, the California Labor Code, the City's Civil Service

Rules, or the Fair Labor Standards Action including all claims for unpaid compensatory

time in lieu of overtime, unpaid vacation pay and unpaid vested sick leave in lump sum

payments due at separation from employment. I will not file or bring or otherwise

institute or in any way actively participate in or voluntarily assist in the prosecution of

claims, grievances, lawsuits, or administrative actions asserting matters released or

dismissed under the Settlement Agreement in the Action.

I agree to waive all rights and benefits afforded by Section 1542 of the Civil Code

of the State of California and any analogous state or federal law or regulation, and do so

EXHIBIT C TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI

Page 8

understanding the significance of that waiver. Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

In order to provide a full and complete release of Defendants of all claims arising from or related to the Action, I acknowledge that this Release is intended to include in its effect all claims which were or could have been asserted in the Action, including claims which I do not know or suspect to exist in my favor against Defendants.

Printed Name: _____

Signature: _____

Date: _____

Address: _____
Telephone: _____
Email: _____

EXHIBIT C TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI

Page 9

# EXHIBIT "D"

## AMENDED NOTICE OF PROPOSED SETTLEMENT1
### *Francis Kelly et al. v. City and County of San Francisco et al.*
### Case No. C 05-1287 SI (USDC N.D. Cal)

[NAME]
[ADDRESS]

**YOU MAY BE ENTITLED TO RECEIVE MONEY UNDER THE SETTLEMENT IN *FRANCIS KELLY ET AL. V. CITY AND COUNTY OF SAN FRANCISCO ET AL.*, CASE NO. C 05-1287 SI (USDC N.D. Cal). PLEASE READ THIS NOTICE FOR FURTHER INFORMATION ABOUT HOW TO RECEIVE THIS MONEY.**

This notice is regarding the proposed settlement of a collective and class action lawsuit brought by former members of the San Francisco Fire Department ("SFFD") against the City and County of San Francisco ("the City"): *Francis Kelly et al. v. City and County of San Francisco et al.*, Case No. C 05-1287 SI (USDC N.D. Cal).

The lawsuit concerns lump sum payments for compensatory time off in lieu of overtime, vested sick leave, and vacation pay that the City paid to former uniformed employees of the SFFD when they separated from their employment. The Plaintiffs allege that the lump sum payments were deficient because they failed to include Training and Education Achievement Pay, Retention Pay and Terrorism Response Training Pay. Plaintiffs' complaint states three claims: (1) that the allegedly deficient compensatory time payments violated the Fair Labor Standards Act, (2) that the allegedly deficient vested sick leave payments violated the City's Civil Service Commission Rules, and (3) that the allegedly deficient vacation payments violated the California Labor Code.

The City denies that it violated the law. The City asserts that it properly calculated and paid lump sum payments to former uniformed employees of the SFFD upon separation from employment.

The City and the Plaintiffs have entered into a proposed settlement to save the parties the inconvenience and expense of litigation and to resolve and compromise the claims made in the lawsuit.

The proposed Settlement Class includes the following three groups of people:

    a. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment from January 1, 2002 through June 30, 2007 and received a lump sum payment for any unused accrued compensatory time off in lieu of overtime compensation that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; and who is one of the named Plaintiffs or opted in to the Collective Action by filing a consent to

---

[1] This notice has been authorized by The Honorable Susan Illston, the United States District Judge to whom this case has been assigned. Although the Court has authorized the sending of this notice, the Court expresses no opinion regarding the merits of Plaintiffs' claims or the City's liability, if any.

EXHIBIT D TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI Page 1

join on or before January 24, 2006 or consents to join in accordance with the terms of the proposed settlement.

      b. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment through June 30, 2007 and, following separation from employment, received a lump sum payment on or after February 25, 2002 for any vested sick leave that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who did not file a request to be excluded from this claim; and who did not previously release such claim.

      c. All uniformed employees of the SFFD who were eligible for Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who separated from employment through June 30, 2007 and, following separation from employment, received a lump sum payment on or after February 25, 2002 for accrued vacation pay that did not include Training and Education Achievement Pay, Retention Pay and/or Terrorism Response Training Pay; who did not file a request to be excluded from this claim; and who did not previously release such claim.

      The Court must approve the proposed settlement before it becomes final and legally binding. The Court has preliminarily approved the settlement and has scheduled a hearing for August 8, 2008, at 9:00 a.m. The hearing will be held before The Honorable Susan Illston at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California.

      IF THE COURT APPROVES THE PROPOSED SETTLEMENT, ALL OF THE SETTLEMENT CLASS'S CLAIMS AGAINST THE CITY IN THE LAWSUIT AND ALL CLAIMS ARISING FROM AND RELATED TO THE CLAIMS IN THE LAWSUIT—INCLUDING ALL CLAIMS THAT WERE OR COULD HAVE BEEN ASSERTED IN THE LAWSUIT—WILL BE COMPLETELY SETTLED AND FOREVER DISCHARGED AND RELEASED. THE COURT WILL ENJOIN EACH MEMBER OF THE SETTLEMENT CLASS FROM PROSECUTING ANY ACTION AGAINST THE DEFENDANTS WITH RESPECT TO ANY AND ALL INDIVIDUAL OR CLASS CLAIMS RELEASED IN THE SETTLEMENT. SETTLEMENT CLASS MEMBERS WILL NOT BE ABLE TO ASSERT THESE CLAIMS AGAIN.

      Under the proposed settlement, the City has agreed to pay $654,000 plus interest as provided for in the proposed settlement ("Settlement Amount") to Settlement Class members for allegedly underpaid compensatory time off in lieu of overtime compensation, accrued vacation pay, and vested sick leave. The City also has agreed to pay an additional $101,000 plus interest as provided for in the proposed settlement for Class Counsel's attorneys' fees and costs, subject to Court approval. On March 20, 2008, Class Counsel filed a motion for attorneys' fees and costs with the District Court. The hearing on the merits of that motion will also be held on August 8, 2008, at 9:00 a.m. in Courtroom 10. You may review the motion for attorneys' fees and costs at the Clerk's Office. (See below "How to Find Out More.")

      The Settlement Amount will be allocated on a pro rata basis. Each Settlement Class member will receive a proportional share of the Settlement Amount corresponding to the proportion of the lump sum payment the member received for the claims in which

such member is included to the total lump sum payments that the City paid to all Settlement Class members.

YOU HAVE BEEN IDENTIFIED AS SOMEONE WHO MAY BE ENTITLED TO MONEY UNDER THE PROPOSED SETTLEMENT.

Previously you received a notice allowing you to opt in to the compensatory time off claim. You did not opt in to this claim.

**To become eligible to receive compensation under the settlement for the compensatory time off claim, YOU MUST COMPLETE AND RETURN THE ENCLOSED CONSENT TO JOIN FORM in the enclosed, stamped envelope addressed to Class Counsel so that it is <u>received</u> by July 14, 2008, as explained below.** If you return the Consent to Join, in order to receive payment, you will also need to sign and return a Release of Claims, as explained below.

Previously, you also received a notice allowing you to opt out of the vested sick leave claim. You opted out of this claim.

The Court has now approved including in the Settlement Class the members who received lump sum payments for accrued vacation pay. To be eligible to receive compensation based on your lump sum payment for accrued vacation pay, you do not need to do anything, except sign and return a Release of Claims, as explained below. To opt out of the accrued vacation pay claim, you must file an "Exclusion Request," as explained below.

The City's records show that when you separated from your employment with the SFFD, you received lump sum payments of $_____ for compensatory time off and $_____ for accrued vacation pay, for a total of $_____, which is _____% of the total $_____ in lump sum payments that the City made to all Settlement Class members.

THEREFORE, IF YOU OPT IN TO THE COMPENSATORY TIME CLAIM AND DO NOT OPT OUT OF THE VACATION PAY CLAIM, YOU ARE ENTITLED TO RECEIVE APPROXIMATELY $_____, WHICH IS _____% OF THE $654,000. IF YOU DO NOT OPT IN TO THE COMPENSATORY TIME CLAIM AND/OR YOU OPT OUT OF THE VACATION PAY CLAIM, YOU WILL RECEIVE LESS. WHEN THE SETTLEMENT BECOMES FINAL, YOUR ULTIMATE PAYMENT UNDER THE SETTLEMENT WILL BE ADJUSTED TO INCLUDE INTEREST AND, AS NECESSARY, TO ACCOUNT FOR CHANGES IN THE NUMBER OF FORMER MEMBERS ELIGIBLE TO RECEIVE COMPENSATION.

**YOU NOW HAVE THESE OPTIONS:**

Option 1.    <u>**Consent To Join Compensatory Time Off Claim:**</u> **You will be eligible to receive compensation for the compensatory time off claim only if you complete and return the enclosed Consent to Join form in the enclosed, stamped envelope addressed to Class Counsel so that it is <u>received</u> by July 14, 2008.** If you consent to join this claim, all claims that were or could have been brought on your behalf in the lawsuit arising out of or related to your compensatory time off lump sum payment will be completely settled and forever discharged and released. You will not be able to bring such claims in the future. **If you do not return the form consenting to join the compensatory time off claim, you will not be eligible to receive compensation for this**

claim under the settlement and your share of the settlement fund will be reduced. If you do not opt in to the compensatory time off claim, you will be able to obtain additional monies for compensatory time off based on the lump sum payments if, and only if, you file your own lawsuit within the time provided by law and you prevail on your claims. If you return the Consent to Join, in order to receive payment, you will also need to sign and return a Release of Claims, as explained below.

    Option 2.  **Do Nothing** *except sign Release of Claims*: If you do nothing, you will be eligible to receive your share of the settlement fund for the accrued vacation pay claim, ***provided that you execute and return a Release of Claims as explained below***. All claims for accrued vacation pay that were or could have been brought on your behalf in the lawsuit arising out of or related to your lump sum payment for accrued vacation pay will be completely settled and forever discharged and released. You will not be able to bring such claims in the future. If you do nothing, you will not receive any payment for compensatory time off in lieu of overtime.

    Option 3.  **Opt Out of the Vacation Pay Claim**: You may opt out of the Settlement Class for the accrued vacation pay claim. If you opt out of this claim, your share of the settlement fund, if any, will be reduced. If you opt out, you will not be eligible to receive a share of the settlement fund based on the lump sum payment for accrued vacation pay that you received. If you opt out of the vacation pay claim, your claims for accrued vacation pay will not be extinguished by this settlement. If you opt out, you may be able to obtain additional monies for accrued vacation pay if, but only if, you file your own lawsuit within the time provided by law and you prevail on your claims.

    To ask to be excluded from the class for the vacation pay claim, you must mail an "Exclusion Request" in the form of a letter, stating that you want to be excluded from the accrued vacation pay claim in *Kelly v. City and County of San Francisco*, Case No. C 05-1287 SI. Be sure to include your name and address, and sign the letter. If you wish to be excluded, you must mail your Exclusion Request to:

      Clerk of Court
      United States District Court for the Northern District of California
      450 Golden Gate Avenue
      P.O. Box 36060
      San Francisco, CA 94102.

Your Exclusion Request must be received by June 27, 2008. The sender bears the responsibility for any delay in delivery or for non-delivery.

    Option 4.  **Object to the Settlement and/or Settlement Class Definition**: Before the settlement becomes final, the Court must approve it. You have a right to object to the settlement—to tell the Court if you think there is some reason that it should not approve the settlement—and to object to who is included in or excluded from the Settlement Class. You also have the right to object if you believe that the information shown above concerning the lump sum payments you previously received is incorrect.

    If you do not object to the settlement, you may not appeal once the settlement receives final approval from the Court. If you choose to object, you must make your objection in writing, refer to Case No. C 05-1287 SI and send it so that it is received by June 27, 2008, to:

EXHIBIT D TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI          Page 4

The Honorable Susan Illston
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

In addition, if you choose to object, you must simultaneously send a copy of your objections to the following:

Class Counsel
Diane Sidd-Champion, Esq.
McCarthy, Johnson & Miller Law Corporation
595 Market Street, Suite 2200
San Francisco, CA 94105

City Attorney
Dennis J. Herrera
Elizabeth S. Salveson
Ruth M. Bond
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, CA 94102-5408

The sender bears the responsibility for any delay in delivery or for non-delivery.

If you do not file a written objection by June 27, 2008, you will have waived your right to appeal any judgment entered by the Court approving the settlement. If you file an objection, you may still remain eligible to receive money under the settlement if it is approved by the Court, as described above.

You have the right to appear personally or through an attorney at the final settlement hearing on August 8, 2008, at 9:00 a.m. at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 10, San Francisco, California, provided that you have complied with the procedures set forth in this Notice. To appear at the hearing, you must have filed a timely written objection, as described above, as well as simultaneous written notification that you wish to appear at the hearing. You must identify yourself as a class member in Case No. C 05-1287 SI. You must file both the written objection and written notification of intent to appear to be allowed to appear at the hearing. You may not appear if you have not filed both the written objection and written notification of intent to appear. If you have complied with these requirements, you may present your objections and comments at the hearing.

### *TO RECEIVE PAYMENT UNDER THE SETTLEMENT:*

*In order to receive payment under this settlement, you must execute and return to the City the enclosed Release of Claims promptly, and no later than 60 days following the final settlement hearing, which is now scheduled for August 8, 2008. The release should be sent to:*

*City and County of San Francisco*
*c/o Ruth M. Bond*
*Deputy City Attorney*

EXHIBIT D TO SETTLEMENT AGREEMENT
CASE NO. C 05-1287 SI Page 5

*Fox Plaza*
*1390 Market Street, 5th Floor*
*San Francisco, California 94102-5408*

*Please note that* **YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT AMOUNT UNTIL THE CITY HAS TIMELY RECEIVED YOUR SIGNED RELEASE OF CLAIMS.**

**HOW TO FIND OUT MORE:**

You have a right to see the Settlement Agreement and the motion for attorneys' fees and costs before the final settlement hearing. You may review the Settlement Agreement and the motion at the Clerk's Office in the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California. The file viewing room is open Monday through Friday from 9:00 a.m. to 1:00 p.m. You will need to give the Clerk the following case number: C 05-1287 SI. The Court's personnel will not answer questions about the lawsuit or the Settlement Agreement. If you have questions or want your own copy of the Settlement Agreement, you may call Class Counsel, Diane Sidd-Champion at McCarthy, Johnson & Miller Law Corporation at (415) 882-2992 or (916) 443-0726.

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. § 216(b)**


1. I hereby consent and agree and opt-in to become a plaintiff in *Francis Kelly, et al. v. City and County of San Francisco, et al.*, Case No. C 05-1287 SI, brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, to recover unpaid compensatory time off in lieu of overtime from my former employer, the City and County of San Francisco.

2. I hereby agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable. I further agree to be bound by any collective action settlement herein approved by my attorneys and approved by this Court as fair, adequate, and reasonable.

3. I hereby designate McCarthy, Johnson & Miller Law Corporation to represent me in this action.

Date: _____  _____
                Signature


              _____
                Printed Name

# RELEASE OF CLAIMS

**RELEASE OF CLAIMS BY** _____ _____ **RELATED TO**

*FRANCIS KELLY, ET AL. V. CITY AND COUNTY OF SAN FRANCISCO, ET AL.,*

**FILED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

**DISTRICT OF CALIFORNIA, CASE NO. C 05-1287 SI (ENE) (THE "ACTION")**

In consideration for the payment described in paragraph 31(a) of the Settlement

Agreement and the Notice of Proposed Settlement in the Action, I, the undersigned, fully

release and discharge Defendant City and County of San Francisco, including its

constituent department, the San Francisco Fire Department (collectively, "City") from

any and all claims, grievances, debts, liabilities, demands, obligations, guarantees, costs,

expenses, attorneys' fees, damages, actions or causes of action of whatever kind or

nature, whether known or unknown, that were alleged or could have been alleged in the

Action for violation of the Memorandum of Understanding between the City and San

Francisco Fire Fighters Local 798, the California Labor Code, the City's Civil Service

Rules, or the Fair Labor Standards Action including all claims for unpaid compensatory

time in lieu of overtime, unpaid vacation pay and unpaid vested sick leave in lump sum

payments due at separation from employment. I will not file or bring or otherwise

institute or in any way actively participate in or voluntarily assist in the prosecution of

claims, grievances, lawsuits, or administrative actions asserting matters released or

dismissed under the Settlement Agreement in the Action.

I agree to waive all rights and benefits afforded by Section 1542 of the Civil Code

of the State of California and any analogous state or federal law or regulation, and do so

understanding the significance of that waiver. Section 1542 provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

In order to provide a full and complete release of Defendants of all claims arising from or related to the Action, I acknowledge that this Release is intended to include in its effect all claims which were or could have been asserted in the Action, including claims which I do not know or suspect to exist in my favor against Defendants.

Printed Name: _____

Signature: _____

Date: _____

Address: _____
Telephone: _____
Email: _____